[Civ. No. 19438.   First Dist., Div. One.   Sept. 12, 1960.]

DANIEL B. ROST, Petitioner, v. MUNICIPAL COURT OF THE SOUTHERN JUDICIAL DISTRICT, COUNTY OF SAN MATEO, Respondent.

*Assigned by Chairman of Judicial Council.

Stanley R. Evans and Moerdyke, Anderson, Evans & Rhodes for Petitioner.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Petition for writ of prohibition to command the municipal court to desist from further proceedings in a criminal case.

## QUESTION PRESENTED

Does an unexplained delay of approximately 140 days between the filing of a misdemeanor complaint and the arrest of defendant deprive him of his constitutional right to a speedy trial?

## RECORD

The alleged offense occurred December 16, 1959. The complaint charging defendant with violation of section 23102,

Vehicle Code (misdemeanor drunk driving) was filed and warrant of arrest issued January 11, 1960. Petitioner was arrested June 1. June 13, petitioner moved the municipal court in which the complaint was filed for dismissal on the grounds that he had been deprived of his right to a speedy trial, as guaranteed by article I, section 13, California Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. At the hearing the district attorney did not dispute defendant's showing that at all times he was available for arrest, nor did he offer any evidence to explain the delay in serving the warrant. The municipal court denied the motion.

### *Was Defendant Denied a Speedy Trial?*

"In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy . . . trial . . ." (Cal. Const., art. I, § 13.) "In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . ." (U. S. Const., Amendment VI.)

It is rather interesting to note that while there are a number of cases both in this state and other jurisdictions dealing with the question of what amounts to a denial of a speedy trial after arrest, there is a dearth of authority on the subject as it relates to the time between the filing of a criminal complaint and the arrest. The only case in California on the subject is *Harris* v. *Municipal Court* (1930), 209 Cal. 55 [285 P. 699]. There a peremptory writ of mandate was issued to terminate the prosecution of a misdemeanor charge in the municipal court. The circumstances of the case were unusual. During the receivership of the Julian Petroleum Corporation it was discovered that various individuals had been paid large sums of money by the corporation in excess of the rate of interest permitted by law. The receivers brought several actions to recover this usurious interest. About the same time the city prosecutor, in order to assist the receivers in collecting the amounts paid as usurious interest, caused to be filed in August, September and October of 1927, 143 complaints charging the crime of usury, a misdemeanor. He then caused a statement to be published to the effect that in every instance if restitution of the usurious interest was made to the receivers the criminal complaint would be dismissed. In each instance the defendant was named as "John Doe" or by other fictitious name. The complaint on which Harris was arrested was filed October 5, 1927, and a warrant issued

thereon. The defendant was designated in the complaint as John Doe. The warrant remained in the city prosecutor's office until May 1, 1929, when it was delivered to a peace officer who that day served it on Harris. During all this time Harris was known to the city prosecutor as being a resident and businessman of the city. Harris moved the municipal court to dismiss the complaint on the ground, among others, that he had been denied a speedy trial because he had not been informed of the charge against him while the pertinent evidence was available. No showing was made by the city prosecutor, nor were the above facts as set forth in Harris' petition controverted. The municipal court denied the petition.

The reviewing court quoted section 13, article I, of the Constitution, and said (p. 60) : "This provision of the Constitution is self-executing. [Citations.]" The court quoted section 1382, Penal Code, subdivision 2, which was to the effect that unless good cause to the contrary is shown, a prosecution must be dismissed in a felony case if the defendant were not brought to trial within 60 days after the finding of the indictment or filing of the information. The court then quoted section 681a: "The welfare of the people of the state of California requires that all proceedings in criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice." (P. 61.)[1] The court goes on to discuss what is a "speedy trial" as the words are used in the Constitution, and says that by section 1382 requiring a defendant in a felony case to be brought to trial within 60 days after the finding of the indictment or the filing of the information, "the legislature by necessary inference has said that a trial delayed more than sixty days without good cause is not a speedy trial. . . ." (P. 61.) It then said (p. 62) : "We have been referred to no statute or case, and we have found none in this state compelling the dismissal of a misdemeanor charge in a court inferior in jurisdiction to the Superior Court, but no reason appears to justify a refusal to enforce the self-executing provision of the Constitution in such a case. The Constitution says that in criminal proceedings, *in any court whatever,* the party accused shall have the right to a speedy trial," and, "It would be most unrea-

[1]The above language of section 681a now appears in section 1050.

sonable to hold that a delay of eighteen months in the trial of the action was not in violation of the constitutional right to a speedy trial when, as here, it is admitted that the petitioner was at all times available for the service of process and that the delay was not at all traceable to him. The only reason for the delay found in the petition herein is that the prosecution was commenced for the purpose of coercing the payment of a money claim from the person so sought to be prosecuted, and the cause was not brought to trial in order to effect that purpose. Such a course of action was an abuse and perversion of the criminal process, was wholly unjustifiable and constituted no excuse for the delay.'' (Pp. 62-63.) Finally, the court held that, being deprived of his constitutional right to a speedy trial, Harris was not required to ''affirmatively show prejudice. Prejudice will be presumed from the violation of this constitutional right. It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause it was for the prosecution to show it. (*People* v. *Morino, supra* [85 Cal. 515 (24 P. 892)]; *In re Begerow, supra* [133 Cal. 349 (85 Am. St.Rep. 178, 56 L.R.A. 513, 65 P. 828)].) If good cause be shown, the defendant is not entitled to relief. (*In re Gore,* 64 Cal.App. 418 [221 P. 689].) Here no good or any cause has been shown either in the respondent court or in this court, other than the whim of the prosecution.'' (P. 64.) The court stated that the facts in *United States* v. *Kojima,* 3 Hawaii (Fed.) 38, were ''strikingly similar to those in the present case. It was there held that the commencement of the reasonable time within which a defendant must be tried is not postponed until the time of his arrest when, as here, he was at all times available for service of process.'' (P. 64.) In the Kojima case an unexplained delay of over five years occurred between the time of the finding of the indictment and the arrest.

██  That it is not necessary to have specific legislation to carry into effect section 13 of article I is shown by *Zamloch* v. *Municipal Court* (1951), 106 Cal.App.2d 260 [235 P.2d 25]. There the defendant was held to have been denied his right to a speedy trial when over the defendants' objection the trial of the case was continued from the original date set for trial, indefinitely as to one defendant and some eight days as to the other. (There had been a series of continuances prior thereto with the consent of the defendants.) The court pointed out that while at that time there was no statute requiring a de-

fendant in a criminal case in the municipal court to be brought to trial within any specified period after his arrest, nevertheless section 681a (hereinbefore quoted) and section 13 of article I were in effect.[2]

The policy of section 681a (now in § 1050) is still in effect, and must be considered when determining the effect of an unexplained unreasonable delay in making the arrest after complaint filed.

Here is a different situation than that set forth in *People* v. *Aguirre,* 181 Cal.App.2d 577 [5 Cal.Rptr. 477], where we held that the failure to file a criminal charge against a person at any particular time within the period of the statute of limitations did not constitute a denial of his right to a speedy trial within the meaning of section 13 of article I of the Constitution. We pointed out that the provision applies only to a "party accused" and that "One does not become an accused until the filing of a complaint or other charge" (p. 580), and that, therefore, the provision did not apply to a person between the time of the commission of an offense and the filing of a charge. In our case, defendant became a party accused on the filing of the complaint and hence is entitled to the protection of the section.

Thus it appears that the constitutional requirement of a speedy trial requires that a defendant be served with a warrant of arrest within a reasonable time after the filing of the complaint. Thereby he would be given notice of the fact that a charge has been made against him at a time when witnesses in his behalf, if any there be, are available.

This brings us to the determination of what is a reasonable time in this respect. Subsequent to the Harris case, *supra,* the Legislature (Stats. 1931, ch. 1170, p. 2478, § 1) added a third subdivision to section 1382, which provided that in misdemeanor cases the defendant must be brought to trial within 30 days after the filing of the *complaint.* Four years later the Legislature amended subdivision 3, section 1382, so as to require that the defendant be brought to trial within 30 days after he is "arrested and brought within the jurisdiction of the court" instead of the "filing of the complaint" (Stats. 1935, ch. 415, p. 1467, § 1).

---

[2]The court also referred to section 1050, Penal Code, requiring that all criminal cases be set for trial within 30 days of plea. (As to the latter section the court said that while that section was only directory and not mandatory, it "declares a policy that should not lightly be disregarded." (P. 263.))

The action of the Legislature in amending subdivision 3 is interesting. On January 24, 1935, it first changed the wording of the subdivision from the requirement that the defendant be brought to trial within 30 days ''after the filing of the complaint'' as the subdivision then read, to ''after the defendant enters his plea.'' On the same day it struck out the latter language and inserted ''after the defendant is arrested and brought within the jurisdiction of the court.'' In 1951 (Stats. 1951, ch. 1674, p. 3856, § 140) the Legislature again amended section 1382, subdivision 3, so as to make it applicable to all inferior courts (including municipal courts), it theretofore being applicable only to justices' courts.

It appears that the Legislature, although it has designated a specific time in which persons who have been arrested must be brought to trial after the arrest, has apparently refused to designate a specific time in which a person must be arrested in misdemeanor cases after the complaint has been filed.

Respondent argues from the fact of these changes that it must be concluded that the Legislature intended no limitation to be placed upon the length of time which might elapse between the filing of the complaint and arrest. On the contrary, a more reasonable interpretation is that the Legislature intended, contrary to its intention as to the time between arrest and trial, to place no *fixed* limitation between complaint and arrest. We do not believe that the Legislature intended to abrogate the decision in the Harris case, *supra,* to the effect that without just cause, the delay between complaint and arrest cannot be permitted to go on indefinitely. ██ Moreover, the Legislature, either by amending section 1382 or otherwise, may not nullify a constitutional provision. As said in *Harris, supra* (p. 60), section 13 of article I is self-executing. That section does not limit its application to the time after arrest.

██ What is a reasonable time depends upon the circumstances of the case. There are many situations in which the lapse of much more than 140 days between complaint and arrest would not be unreasonable. However, without explanation the lapse of 140 days is on its very face unreasonable where the defendant is at all times available for service. As pointed out, the Legislature has declined to require that the arrest must take place within 60 days of the filing of the complaint, 60 days being the time it has provided as a limit for delay without good cause in other situations. It would, therefore, seem that an unexplained delay of 60 days would

not be unreasonable. But somewhere beyond that period the unexplained delay becomes unreasonable. ■ Surely that point is reached when the unexplained delay reaches, as here, a period of over four months, with the defendant available.

Let a peremptory writ of prohibition issue restraining the Municipal Court of the Southern Judicial District, County of San Mateo, and the Judge thereof, from any further proceedings in "People of the State of California, plaintiff, v. Daniel B. Rost, defendant," number 35M 246, records of said court, except to dismiss the complaint therein.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied October 7, 1960, and respondent's petition for a hearing by the Supreme Court was denied November 9, 1960.