PRICE *v.* STATE

[No. 343, September Term, 1963.]

Decided June 18, 1964.

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Anthony Libersky,* with whom was *Wm. Dunbar Gould* on the brief, for the appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *William Parsons Fennell, State's Attorney for Kent County,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is from a judgment and sentence in which appellant was required to make restitution in the sum of $60 and to be confined in the Maryland House of Correction for a period of four years from June 24, 1963.

On May 24, 1962, a warrant was issued by the trial magistrate for Kent County for the arrest of the appellant in connection with a certain check he had allegedly forged and uttered the previous year, on or about July 13, 1961, at Colonial Jewelers, Inc. in Chestertown. On September 3, 1963, more than fifteen months after the warrant had been issued, appellant was presented and indicted by the grand jury on three counts of forgery, uttering, and false pretenses. A bench warrant was issued from the Circuit Court for Kent County and returned *cepi* the following day. After some preliminary motions made in behalf of the appellant, including one to dismiss the third

count charging false pretenses, which was granted, he was arraigned on September 17, 1963, and pleaded not guilty to the remaining counts. The case came on for trial before Judge Rasin on October 1, 1963, the appellant having elected a court trial, and he was found guilty on both counts.

As to what occurred between May 24, 1962, when the first warrant was issued and June 24, 1963, is not entirely clear. According to the appellant, unsubstantiated by the record other than by parts of his own testimony, he claims that on or about August 11, 1961, he was taken into custody (apparently for another offense). On October 26, 1961, he was transferred from the Maryland Penitentiary to the House of Correction. Paroled June 24, 1963, appellant was immediately arrested by the state police and taken to the county jail in Centreville, Queen Anne's County. The following day, June 25th, he was removed to the Kent County jail in Chestertown. He alleged that he was never informed of the warrant for his arrest issued more than a year before yet he stated he had made efforts while incarcerated to find out what charges, if any, were lodged against him in Kent County.

Substantially upon these allegations appellant bases a contention of denial of a speedy trial citing both the Maryland Constitution (Declaration of Rights, Article 21) and the Federal Constitution (Sixth and Fourteenth Amendments). There are, however, three obstacles to the success of this contention. First is that the question seems not to have been adequately presented to the trial court for determination. Appellant, represented by counsel, testified in his own behalf, and the court, in allowing a wide latitude of examination, permitted him to delve into matters not directly in issue. Included in this testimony (along with statements such as his having been kidnapped by the Kent County police from the Queen Anne's County jail) was an account of appellant's efforts to become informed of the Kent County charges while he was in the House of Correction.

Aside from this testimony alluding to an unreasonable delay in the proceedings, the only other reference in the record before us to a denial of a speedy trial is a statement by the

trial judge that the accused was responsible for any delay there might have been in his having been brought to trial.

We think there is no doubt that Judge Rasin was referring to the time between June 24 when appellant was arrested and taken to Queen Anne's County jail and the date of his trial on October 1st. In his brief appellant states he is not complaining of the time period during which he was imprisoned in Kent County awaiting indictment and trial. The record does not disclose that the trial court at any stage of the proceedings was asked specifically to rule on the question of denial of speedy trial. This privilege of a right to be tried without unreasonable delays, like other constitutional rights, may be waived by failure to assert the violation of that right below. Maryland Rule 885; *Kirby v. State,* 222 Md. 421, 160 A. 2d 786.

There is another closely allied reason why appellant cannot prevail, and that too concerns waiver. The right to a speedy trial is a privilege which must be asserted by the one claiming it. Appellant has not shown that he ever complained to the Kent County authorities, or that he ever made a demand for an earlier trial. Even were we to accept the allegations that appellant "petitioned against ten counties of Maryland to the United States District Court" and wrote the office of the Attorney General (to which he apparently got a reply advising him of the frivolous nature of the contentions raised in the letter), these gestures are not sufficient in law to constitute a demand upon the Kent County State's Attorney or the court to be tried. Failure to assert the privilege is sufficient to constitute a waiver. *Harris v. State,* 194 Md. 288, 71 A. 2d 36. This principle has just been reiterated in our decision in *State v. Murdock,* 235 Md. 116, where we held that the defendant's course of inaction after the denial of his motion for an "immediate" trial constituted a waiver of his right to a more speedy trial.

We prefer to rest our affirmance of the judgment on the ground that a claim of denial of a speedy trial has no application to the delays of which appellant complains. He specifically complains about the time lag between August 1961 when he

was allegedly incarcerated and June 25, 1963, the date the May 1962 warrant was served upon him. He also complains of the delay between the dates of issue and service of the warrant upon him.

The federal rule generally applied to the Sixth Amendment guarantee of speedy trial is that the right does not arise until a prosecution has been instituted against the accused. *Harlow v. United States,* 301 F. 2d 361, 366 (5th Cir.); *Hoopengarner v. United States,* 270 F. 2d 465 (6th Cir.). The Sixth Amendment begins: "In all criminal prosecutions * * *." Article 21 of the Declaration of Rights begins: "That in all criminal prosecutions * * *." We agree with the federal decisions that only after a prosecution has been initiated can the issue of a speedy trial be raised by the defendant as a rule. There may be circumstances in a case excepting it from the application of the rule. Such a case was *Petition of Provoo,* 17 F.R.D. 183, aff'd, 350 U. S. 857. There charges of treason were formally brought against the defendant in 1949 after he had already been confined in prison more than five years. Trial was had in 1952 and the defendant was convicted on four overt acts of treason. This conviction was reversed on appeal, the Court of Appeals for the Second Circuit holding, *inter alia,* that the defendant's post sentence motion to set aside the conviction on the ground that venue was improperly laid in the Southern District of New York should have been granted. Provoo was not released but was re-indicted by the grand jury for the District of Maryland in the fall of 1954. In 1955 he filed a petition for a writ of habeas corpus along with a motion to dismiss the indictment under the Federal Rules of Criminal Procedure. After a hearing Judge Thomsen found as a fact that the government's deliberate choice of a questionable venue for a supposed trial advantage resulted in a prejudicial delay to the defendant, and when this was added to a prior detention for seven months at a military post in Japan without charges having been brought, the cumulative effect of his long incarceration made it impossible for Provoo to obtain a fair trial. We find the case readily distinguishable from the *Harlow* and *Hoopengarner* cases and from the instant one.

With respect to a claim of undue delay between arrest and indictment, we recently reiterated that there is no time limit, other than that fixed by the statute of limitations (not applicable here) upon action by the grand jury. *O'Connor v. State,* 234 Md. 459. *Cf.* Rule 48 (b) of the Federal Rules of Criminal Procedure, relied upon by the court in *Petition of Provoo, supra,* providing in part for dismissal of an indictment or complaint if there is an unnecessary delay in presenting the defendant to a grand jury, or if there is an unnecessary delay in bringing him to trial.

Finally, appellant urges that the delay between issuance of the warrant and his arrest violated a right to a speedy trial. He cites in support of this the recent case of *Rost v. Municipal Court of So. Jud. Dist.,* 7 Cal. Rptr. 869, 85 A.L.R. 2d 974, but that case is not applicable. In fact, the *Rost* case distinguishes *People v. Aguirre,* 5 Cal. Rptr. 477, which is apposite. The latter case held that mere failure to file charges against a defendant at any particular time within the statute of limitations is not a denial of the right to a speedy trial under the California Constitution which, like ours, refers to the "accused." The court stated that one is not accused until charges are filed, and therefore the constitutional privilege was held not to have been violated by mere delay between the time of the commission of the offense and the filing of the charges. See cases collected in 85 A.L.R. 2d 980, *et seq.* In the instant case, trial was held within a month after the indictment, and thus the contention of the denial of a speedy trial must fail.

In his affidavit supporting his petition to appeal in forma pauperis the appellant sets forth fourteen "questions involved," although they were not argued by appellant's counsel in his brief or in oral argument. We find them to be frivolous and without merit.

*Judgment affirmed.*