## PRICE *v.* STATE

[No. 408, September Term, 1963.]

418

*Decided July 2, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, MARBURY and SYBERT, JJ.

*Stanley R. Jacobs* for appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy* and *Judson R. Wood, State's Attorney* and *Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted of the crimes of forgery and uttering in a jury trial and sentenced to one year in the House of Correction. He contends that the trial court erred in ad-

mitting into evidence his oral confession, on the ground that it was the product of an illegal arrest and detention.

The appellant was arrested by Officer Phillips of the State Police in a motel room on Route 40 at about 2:30 A.M. on August 11, 1961. He testified the officer did not show a warrant, and the State did not offer any rebuttal. Officer Griffin, however, who talked to the appellant about six hours later at Waterloo Barracks testified that he had a warrant for his arrest in his possession at that time, charging Price with the commission of a felony. Whether Phillips had a warrant at the time of the arrest was not shown, nor was it clearly shown that probable cause to arrest without a warrant existed at the time of the arrest. Officer Phillips did not testify.

If we assume, without deciding, that the arrest was illegal, it would appear that that fact would not render the confession made on August 15, 1961, inadmissible. If there were warrants for his arrest outstanding at the time of his interview at the Waterloo Barracks on the morning of August 11th, it would seem to be quite immaterial that the initial arrest was illegal. He admitted that Officer Griffin took him before a magistrate on August 13th, to be informed of the charges against him, but it was not shown what the charges were. He was later transferred to Ellicott City jail, and there on August 15, he made the confession to Officer LaMastra of the Montgomery County Police. The reason for the transfers appeared to be because there were several different charges against the accused, including a charge of assault arising out of a fight in a restaurant. The record shows that the sentence in the instant case was to run consecutively to one imposed in Kent County, apparently in another forgery case. See *Price v. State,* 235 Md. 295.

There is no claim that the appellant was mistreated in any way, or that threats or inducements were made or offered in connection with the oral confession. Officer LaMastra testified that he made no threats or promises, he simply showed the check to Price, and Price admitted he wrote it and passed it at Fleisher's Jewelry store in Montgomery County. Fleisher had previously identified Price on August 11, 1963, by picking him out of a lineup. But there was no showing that Price was questioned as to the check in the instant case until August 15.

The indictment in the instant case was not until March 5, 1963, but no point is made as to this delay. The sole claim is that the original arrest, assumed to be illegal, and the length of detention prior to the confession, rendered it inadmissible. We have consistently taken the view that the fact of illegal arrest is not controlling. See *Dailey v. State,* 234 Md. 325, 331, and cases cited. In the instant case whatever "taint" may attach to the illegal arrest would seem to be so attenuated as to be completely dissipated when the questioning began. Cf. *Wong Sun v. United States,* 371 U. S. 471, 491. We think the test of voluntariness is fully met in the instant case. The fact that several days went by before the appellant was questioned seems quite immaterial.

*Judgment affirmed.*