[Civ. No. 29639. First Dist., Div. Two. June 15, 1971.]

WAYNE KAIKAS, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest

## COUNSEL

James C. Hooley, Public Defender, and Arlene West, Assistant Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Gloria F. DeHart and Eugene Kaster, Deputy Attorneys General, for Respondent and for Real Party in Interest.

## OPINION

**KANE, J.**—Petitioner Kaikas seeks a writ of mandate to compel the respondent court to dismiss an information charging him with forgery (Pen. Code, § 470), or, in the alternative, a writ of prohibition to prevent respondent court from proceeding with the prosecution. Petitioner moved to dismiss the information on the ground that he had been denied his right to a speedy trial. After an evidentiary hearing on February 26, 1971, the court denied the motion.

The circumstances under which petitioner was prosecuted were described at said hearing as follows.

Petitioner was accused by information of forging and passing a check in the sum of $797 on October 6, 1969. In his affidavit supporting his motion to dismiss, petitioner declared that a warrant was issued on October 16, 1969 alleging his commission of said crime but that said warrant was not served on him until one year later, October 15, 1970.

Petitioner further declared that he lived continuously with his parents at their home in Newark, Alameda County, between May 1968 and February 1, 1970, that the telephone at said address was listed under his father's name, that his father was the only Kaikas listed in Alameda County, and that said residence was located approximately one mile from the residence of an alleged victim of the crime, a fact known to the victim's daughters.

Petitioner additionally declared that on February 1, 1970, he moved with his parents to a residence located in Fremont, Alameda County, that the post office was notified of said change of address and regularly delivered mail to petitioner at the new address, and that the telephone at said residence was listed under his father's name and his father remained the only Kaikas listed in the county. Petitioner declared that he resided at the Fremont address continuously until the date of his arrest.

In his affidavit opposing the motion to dismiss, San Leandro Police Department Detective Capitola declared that he obtained a complaint and arrest warrant against petitioner on October 22, 1969, that he sent out an all-points bulletin to the California Bureau of Criminal Identification and Investigation (CII) and to the Fremont and Newark Police Departments on October 23, 1969, and that he sent out the arrest warrant on the Police Information Network (PIN) for seven local counties on November 7, 1969.

He further declared that he discovered a telephone listing for a Pete Kaikas on November 23, 1969 and that between that date and October 7, 1970, he made three telephone calls to the number without receiving any response.

He stated that in early October 1970, he received written notification from CII that a person whose fingerprints matched those of petitioner had been arrested in South Lake Tahoe for three Vehicle Code violations on October 1, 1970. Detective Capitola stated that on October 7, 1970, he learned that petitioner had been released from custody on bail and that he lived with his father at a residence in Fremont. Local police departments were notified, and petitioner was arrested on October 15, 1970.

### Was Petitioner Denied His Right to a Speedy Trial?

Petitioner contends that the 12-month interval between the filing of formal charges and his arrest deprived him of his constitutional right to a speedy trial. His first argument follows this course: (1) The 12-month interval is an unreasonable delay; (2) an unreasonable delay is prima facie prejudicial thereby relieving petitioner of the burden of showing actual prejudice; and (3) that the prosecution has not shown sufficient justification for the delay to overcome the prejudice.

His second argument is that, notwithstanding the lack of his burden to do so, he has demonstrated actual prejudice.

In support of his first argument petitioner relies upon *Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10]. In doing so, however, he distills a much higher yield of constitutional protection than we think is generated by that decision.

Under the particular facts of *Jones* the Supreme Court found that a complete lack of police investigation or activity for 19 months after having contacted the defendant was "clearly unreasonable." The court in *Jones* reiterated the rule that " 'The function of this vital constitutional provision [right to speedy trial] is "to protect those accused of crime against

possible delay, *caused either by willful oppression, or the neglect of the state or its officers.*" [Citations.]' " (3 Cal.3d at p. 738; italics added.)

Petitioner concedes that whether the delay is "unreasonable" depends upon the particular circumstances of the case. (*Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507, 513 [7 Cal.Rptr. 869, 85 A.L.R.2d 974].) He contends that 12 months in this case is unreasonable because the period of 12 months is a "substantial" one and that the prosecution has not shown any justification for the delay. Conceding for, discussion purposes that 12 months is a substantial period of time in the context of accomplishing an arrest of someone who is not evading process, it does not follow that such delay is ipso facto the result of "willful oppression" or "neglect of the state or its officers." The court in *Jones* tells us that the question of the reasonableness of the delay will involve, among other things, a consideration of the time required "to search for the defendant." (3 Cal.3d 734, 740.)

While from the panoramic vantage point of hindsight it can be argued that more effort or different means might have been employed by the police to apprehend petitioner, one is not compelled to conclude that what was done was unreasonable. In the total picture we must recognize that the, duties and functions of a police officer are so varied and numerous as to require the constant exercise of discretion in the setting of priorities in his day-to-day work. Emergencies and other unexpected immediate demands upon his time can easily cause interruption of scheduled or planned activities of what might be called routine investigation.

It is perhaps an unfortunate, but nonetheless existing, fact of life in a democratic society that only so much time, manpower and money can be expended toward any single criminal case. Thus, we agree with the previously quoted principle that only in the case of "willful oppression" or "neglect" is the delay unreasonable. Petitioner does not suggest that the delay was willful; and we hold that under the facts and circumstances here the delay was not unreasonable. From this conclusion it follows that no prejudice to petitioner has resulted from the delay itself.

We also reject petitioner's final contention, namely, that he has affirmatively shown prejudice. His sole basis for this claim is contained in petitioner's affidavit in support of motion to dismiss, viz.: "Defendant has been unduly prejudiced in the preparation of his defense, specifically that the location of two witnesses material to the preparation of Defendant's defense has been impaired." Counsel for petitioner expanded somewhat upon this statement at the dismissal hearing by asserting that petitioner claimed two persons witnessed an "act of consent" occur between petitioner

and one of the complainants, that by the time of his arrest said witnesses could not be located at their previously known addresses by petitioner or his attorney, and that the witnesses were not included among those named in police reports or the prosecutor's list. Counsel for petitioner further indicated that the complainant, a member of his family, and petitioner were all acquainted prior to commission of the alleged offense and that at the preliminary hearing the complainant denied consenting to the transaction.

These assertions fail to provide the court with adequate verification of the existence of resulting prejudice. In essence the court is asked to believe that unspecified efforts have failed to produce unnamed witnesses whose undisclosed addresses have become unknown as a result of the pre-arrest delay. The burden of proving prejudice requires a much greater disclosure of supporting evidence than that offered by petitioner. His failure to produce a sufficient showing of prejudice thus renders untenable his contention that the pre-arrest delay deprived him of a speedy trial.

The alternate writ is discharged and the petition is denied.

Shoemaker, P. J., and Taylor, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 13, 1971.