[Crim. No. 19964. Second Dist., Div. Five. Feb. 10, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
BRIAN RAYMOND KERWIN, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood, Eugene D. Tavris and Harry B. Sondheim, Deputy District Attorneys, for Plaintiff and Appellant.

Jay J. Tanenbaum for Defendant and Respondent.

**OPINION**

**KAUS, P. J.**—Motion to dismiss an appeal by the People from an order setting aside an information charging the defendant with a violation of section 11530 of the Health and Safety Code (possession of marijuana).

At the motion under section 995 of the Penal Code, which was granted on March 1, 1971, defendant was represented by private counsel. The People's notice of appeal was filed on March 8. For unknown reasons the county clerk notified the Los Angeles County Public Defender of the People's appeal. The record was filed in this court on April 14, 1971. The outside covers of both the reporter's and the clerk's transcript indicate that the public defender represents defendant. An inspection of the inside covers, however, discloses that defendant's counsel was not the public defender.

On May 17 a deputy attorney general obtained a 30-day extension of time to file the People's opening brief. No brief was filed within the extended time, but on July 23, 1971, after a notice under rule 17(a) of the California Rules of Court had been given by the clerk of this court, an opening brief was filed, both the Attorney General and the district attorney appearing as counsel. A copy of the brief was served on the public defender. A letter in our file indicates that this error was pro-voked by the erroneous information on the outside cover of the reporter's transcript. On August 24 and again on September 23 the public defender obtained 30-day extensions of time to file the respondent's brief. Ap-parently when the second extension was about to run out, the mistake was discovered and counsel for defendant was, on October 21, then notified by the district attorney, either directly or through the office of our clerk, that an appeal was pending. Counsel's reaction was to file a motion to dismiss the appeal.

DISCUSSION

The main burden of the motion to dismiss is that because of the county clerk's error, compounded perhaps by service of the People's brief on

the public defender, any trial of defendant which may result from a reversal on appeal, will not be speedy enough to satisfy the requirements of the speedy trial provision of the Sixth Amendment to the United States Constitution, as applicable to this state through the Fourteenth Amendment (*Klopfer* v. *North Carolina,* 386 U.S. 213, 223-226 [18 L.Ed.2d 1, 8-10, 87 S.Ct. 988]) and the first clause of section 13 of article I of our state Constitution. More generally it is claimed that any future trial will, because of inexcusable delay, deprive defendant of due process of law. In this connection defendant points out that he was not notified of the pendency of an appeal until 227 days after the filing of the notice of appeal by the People.

In their brief opposing the motion to dismiss the People claim that in the absence of special circumstances, such as where it appears that the People have taken a frivolous appeal or have wilfully delayed the orderly process of an appeal, delay at the appellate level does not deprive an accused of his right to a speedy trial.

Both parties see the problem presented by this case in clearer shades of black and white than do we. Thus, while it is true that defendant was not advised of the pendency of an appeal until more than 200 days had passed after he should have been, the fact is that this delay did not slow down the appellate process by that many days. The People, in the absence of a most unusual order shortening time, would have had 30 days after the filing of the record within which to file their opening brief (Cal. Rules of Court, rule 37(a)) and defendant would have had 30 days in which to reply. Thus, even without extensions of time, the case would not have been briefed before June 13. The wasted time thus boils down to considerably less than 200 days.

The People's position, as put forward in their points and authorities in opposition to the motion to dismiss, is equally untenable. ▬ Before examining it, it must be deemed significant that the People evidently concede that in the ordinary case a deprivation of a constitutional right to a speedy trial aborts the prosecution, whether or not prejudice is shown once it is established that there has been unreasonable delay. (*Harris* v. *Municipal Court,* 209 Cal. 55, 64 [285 P. 699]; *Rost* v. *Municipal Court,* 184 Cal.App.2d 507, 511 [7 Cal.Rptr. 869, 85 A.L.R. 2d 974]; cf. *Jones* v. *Superior Court,* 3 Cal.3d 734, 740-741 [91 Cal. Rptr. 578, 478 P.2d 10].) The People cannot and do not seriously contend that here the delay has been reasonable. While they point out it was not the prosecution, but the county clerk's office which was responsible, that is not quite true in view of the People's service of their brief on the public defender and, in any event, from defendant's point of view

the clerk represents the state as much as does the prosecution. (*People v. Serrato,* 238 Cal.App.2d 112, 118-119 [47 Cal.Rptr. 543].)

Further the few decided cases dealing with appellate delay do not justify the broad sweep of the People's argument on the law. The only Supreme Court case cited is *People* v. *Sylvia,* 54 Cal.2d 115, 125 [4 Cal.Rptr. 509, 351 P.2d 781] where, after finding that the defendant's trial had been free of reversible error, the court adverts to certain irregularities which resulted in an "overly long period of time . . . before the defendant received an adequate hearing on appeal." However, explained the court, the delay became immaterial when it was established that the appeal was without merit, since during the delay defendant had been serving part of his sentence. This certainly does not dispose of the problem in the event that the appeal results in a reversal and an unduly delayed retrial.

That actually was the situation presented by *People* v. *Serrato, supra.* There, because of sloppy proceedings in the county clerk's office, the preparation of a proper record was delayed for a long time until, finally, a proper record could no longer be filed because the reporter had destroyed his notes. The court held that on that state of the record the judgment had to be reversed and a retrial ordered. However, the question whether such a retrial would deprive the defendant of his constitutional right to a speedy trial was not raised or discussed. In any event, there is a difference between a retrial after a presumptively proper determination of guilt at a first trial and the case at bar where no trial has ever been had.

Other cases cited by the People are no more in point than *Sylvia.* *People* v. *James,* 179 Cal.App.2d 216, 221 [3 Cal.Rptr. 648]; *People* v. *Patterson,* 172 Cal.App.2d 334, 336 [342 P.2d 572] and *People* v. *Harrison,* 129 Cal.App.2d 197, 203 [276 P.2d 188] are on all fours with *Sylvia* in that each case represents an unmeritorious appeal from a judgment of conviction. *People* v. *Superior Court* (*Lewis*) 5 Cal.App.3d 698 [85 Cal.Rptr. 327] has to do with delay between a narcotics offense and the filing of a complaint. The delay was held to be reasonable and no prejudice was shown. In any event, we now know that the Sixth Amendment only affects persons who have become "accused." (*United States* v. *Marion* (1971) 404 U.S. 307 [30 L.Ed.2d 468, 92 S.Ct. 455].)[1]

---

[1]There is a possible difference of opinion between the United States and the California Supreme Courts concerning the stage of a criminal prosecution in which a person becomes an "accused." In *Jones* v. *Superior Court,* 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10], the court held that that moment is the filing of the complaint "or other charge." (*Jones* v. *Superior Court,* 3 Cal.3d at p. 739.) Dicta in *United*

*People* v. *Superior Court* (*Mahle*) 3 Cal.App.3d 476, 487-488 [83 Cal.Rptr. 771], deals with delay caused by the People's petition for a writ of mandate following a suppression order under section 1538.5 of the Penal Code. No unnecessary delay in pursuing this remedy on the part of People was involved and, accordingly, good cause was shown.

*People* v. *Snowdy,* 237 Cal.App.2d 677, 683-684 [47 Cal.Rptr. 83] is procedurally very similar to this case in that it involves a People's appeal from an order setting aside an information. There was an undue delay in preparing the record. After holding that the information should not have been set aside, the court then proceeds to deal with the defendant's contention that the delay in perfecting the appeal had deprived him of his right to a speedy trial. It found no merit in the claim, since the defendant had known about the pendency of the appeal and could have forced compliance with the time limits pertaining to the preparation of a record. The court's reliance on the defendant's knowledge in *Snowdy* hardly helps the People in this case where lack of knowledge is conceded.

The People's assertion that time spent at the appellate level is "time out" as far as the right to a speedy trial is concerned, absent prejudice or purposeful delay, is thus not supported by the authorities. The most that they stand for are propositions to the effect (a) that a defendant has suffered no prejudice if a delayed appeal results in an affirmance; and (b) that necessary delay caused by the prosecution of a People's petition for a writ of mandate after a suppression order is not unreasonable.

■ ■   These precedents are of no help here because defendant has never been tried and because the People cannot advance a reasonable explanation for the delay in prosecuting their appeal. No one would question defendant's right to a dismissal under section 1382, subdivision 2 of the Penal Code if the People had unreasonably delayed the trial beyond the 60-day period established thereby. Yet the net effect of the delay, in the procedural posture of this prosecution, is precisely the same as if the delay had taken place at the trial level. The only difference is that the suspension of activities leading to a speedy trial took place at a time when, technically, the jurisdiction over the cause rested with us. We do not believe that the right to speedy trial can be abrogated by deep-freezing a case in the appellate court.

The only question that remains is whether the delay was long enough

*States* v. *Marion, supra,* suggests perhaps that as far as the United States Supreme Court is concerned the mere filing of a complaint without an arrest may not bring the Sixth Amendment into play.

to bring the constitutional imperative of a speedy trial into play. We hold that it was.

First: just how long was the delay? We have already explained why we cannot accept defendant's figure of 227 days. We think that the delay on which we must focus is that which occurred after the filing of the People's brief without service on defendant's attorney. In this connection we must assume that defendant would have filed the brief within the time fixed by rule 37(a)—30 days. That is so because the People, who have the burden, have not shown anything to the contrary. We must further assume that, other things being equal, the delay in going to trial would actually equal the amount of time wasted in this court. Had defendant known of the pendency of the appeal and taken the full 30 days allowed by rule 37 to file his respondent's brief, the appeal would have been at issue on August 22. If we allow defendant the same amount of time after the revelation of October 21, the critical amount of time wasted is seen to be the number of days between August 22 and November 20—90, to be exact. This is 30 days over the 60-day time limit of section 1382, subdivision 2, if it applies.

Second: is section 1382, subdivision 2 applicable? It obviously does not apply expressly. We think, however, that there is ample authority for holding that it expresses a legislative interpretation of the first clause of section 13, article I of the state Constitution, which the courts, by analogy, will apply where that section is invoked on the basis that it is self-executing. Thus in the early case of *In re Begerow,* 133 Cal. 349 [65 P. 828], the 60-day period was held to apply to the time within which a retrial after a mistrial had to be started. This in face of a dissent which argued that the statute was "but a foundation of sand upon which to rest the conclusion declared by the court." (*In re Begerow, supra,* 133 Cal. at p. 357.)

In *Harris* v. *Municipal Court,* 209 Cal. 55 [285 P. 699], we find: "What is a 'speedy trial,' as those words are used in the Constitution? The legislature in section 1382 of the Penal Code has declared that unless a defendant in a felony case has been brought to trial within sixty days after the finding of the indictment or the filing of the information, the court must, in the absence of good cause shown for the delay, dismiss the prosecution. *Thus the legislature by necessary inference has said that a trial delayed more than sixty days without good cause is not a speedy trial, and the courts have not hesitated to adopt and enforce the legislative interpretation of the constitutional provision. . . ."* (*Harris* v. *Municipal Court,* 209 Cal. at p. 61. Italics added.)

In *Barker* v. *Municipal Court,* 64 Cal.2d 806 [51 Cal.Rptr. 921, 415

P.2d 809], the court in applying, by analogy, section 1381.5 of the Penal Code not in effect at relevant times said: "While the courts have regularly adopted and enforced legislative interpretation of the constitutional provision for speedy trial, the constitutional provision 'is self-executing.' (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 60.) '[I]t is not necessary to have specific legislation to cary into effect section 13 of article I. . . .' (*Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507, 511 [7 Cal.Rptr. 869, 86 A.L.R.2d 974].) The provisions of the Penal Code are merely ' "supplementary to and a construction of" the Constitution.' (*People* v. *Wilson, supra,* 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452]; *People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d 381].) Thus, it is unnecessary that petitioners, in asserting their constitutional rights to a speedy trial, rely on specific statutory provisions applicable to prisoners." (*Barker* v. *Municipal Court, supra,* 64 Cal.2d at p. 812; *Zimmerman* v. *Superior Court,* 248 Cal.App.2d 56, 62 [56 Cal.Rptr. 226]; *Cody* v. *Justice Court,* 238 Cal.App.2d 275, 280-282 [47 Cal.Rptr. 716]; *Rost* v. *Municipal Court, supra,* 184 Cal.App.2d 507, 511-513.)

The analogy to section 1382, subdivision 2, is, of course, imperfect: while the section constitutes a legislative declaration that a delay of more than 60 days after the filing of the information, absent good cause, is a denial of the right to a speedy trial, it is evident that a substantial portion of the 60-day period is usually needed by the defendant to prepare his defense and that in many, if not most, cases it would be a denial of due process to hustle a defendant off to trial immediately after his plea. In the case at bar, on the other hand the entire state-caused delay is, as it were, dead time. The imperfection in the analogy thus argues strongly in defendant's favor.

One final issue: the People point out that rule 1(b) of the California Rules of Court provides that the failure of the superior court clerk to notify the respondent's attorney of the filing of a notice of appeal "shall not affect the validity of the appeal." That is, of course, true; nothing we have said must be construed as an intimation to the contrary. The People have a perfectly valid appeal pending in this court. The only problem is that if they should prevail, defendant would be forced to stand trial although it is already established that such trial will have been unreasonably delayed. The issues on appeal are therefore academic, and it must be dismissed for that reason.

Nothing herein is intended to express our opinion on the question whether the People may refile the charges against defendant.

The appeal is dismissed.

Aiso, J., and Reppy, J., concurred.

A petition for a rehearing was denied March 1, 1972, and appellant's petition for a hearing by the Supreme Court was denied April 6, 1972.