[Crim. No. 18189. First Dist., Div. Three. Mar. 26, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
ANNIE BENAVIDEZ, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W.

Eric Collins and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Gail Weinheimer and Linda Feldman, Deputy State Public Defenders, for Defendant and Respondent.

## OPINION

**HALVONIK, J.**—On September 1, 1977, a narcotics undercover agent, appearing before the Alameda County Grand Jury, testified that he had purchased heroin from respondent at her Hayward residence on two occasions in June. An indictment was issued on that same day; so was a bench warrant for respondent's arrest.

On September 8 a member of the sheriff's department went to respondent's Hayward residence for the purpose of serving the warrant and was told that she no longer lived there. The warrant was returned to the sheriff's department and put into the police information computer systems including the Police Information Network. A computer check reported respondent's last known address as 6809 Brentcourt in Oakland. This information was relayed to the Oakland Police Department which attempted to serve the warrant but discovered that there was no such Oakland street. Officer Kelsey, the Oakland policeman attempting to serve the warrant, checked for streets with a name similar to Brentcourt and went to 6809 Brentford where the person to whom he spoke had never heard of respondent. The card and warrant were returned, once again, to the sheriff's department with a notification that the address information was no longer valid.

On February 2, 1978, respondent was arrested on another matter and a warrant check revealed the outstanding warrant.

The trial court held that the five-month delay between the September 1, 1977, indictment and the February 2, 1978, arrest violated respondent's right to speedy trial and dismissed the indictment. The People appeal.

■ The right to speedy trial guaranteed by article I, section 15 of the California Constitution attaches after a complaint has been filed.

(*Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 504 [149 Cal.Rptr. 597, 585 P.2d 219]; *People* v. *Hannon* (1977) 19 Cal.3d 588, 606-608 [138 Cal.Rptr. 885, 564 P.2d 1203]; *Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10].) Since the delay between respondent's indictment and arrest exceeded 60 days, it is presumed that she was prejudiced by the delay. (*Scherling* v. *Superior Court, supra,* 22 Cal.3d 493; Pen. Code, § 1382.\*) ■ Prejudice having been established, "we proceed to the next step of analysis—weighing the prejudicial effect of the delay on defendant against any justification for the delay." (*People* v. *Hannon, supra,* 19 Cal.3d at p. 608.)

The justification for delay is extremely strong. Evidently there was a narcotics buy program to which this sale was related, thus explaining the delay of two months between the sale and the grand jury indictments. (See *People* v. *Vanderburg* (1973) 32 Cal.App.3d 526, 532.) And, indeed, respondent does not complain of the preindictment period. Once the warrant issued, the police acted promptly and within two weeks had checked those sources of information about respondent's whereabouts which were available to them. Moreover, they placed the warrant into the Police Information Network. (See *People* v. *Williams* (1973) 30 Cal.App.3d 502, 509 [106 Cal.Rptr. 324].) What other steps the police should have taken are not readily apparent. Doubtless they had more pressing problems than an all out search for a nonviolent suspect. (See *Kaikas* v. *Superior Court* (1971) 18 Cal.App.3d 86, 90 [95 Cal.Rptr. 596].) It is hardly surprising that they did not move heaven and earth to find respondent.

---

\*The only actual prejudice that respondent mentions as a consequence of the delay is her unembellished assertion that she does not recall the days on which she is alleged to have sold heroin. She does not assert a likelihood of recall had she been arrested three months earlier nor does she suggest any means by which such a suppositious likelihood could be assessed. She does not, for example, contend that she made any efforts through other people to document her activities on these dates so that it might be possible to judge whether her chances of success would have been greater had she begun her efforts earlier. Her bare and vague assertion adds nothing to the presumption of prejudice implicit in Penal Code section 1382. See *People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 24 [152 Cal.Rptr. 233]: "These vague assertions did not inform the court of the nature of any evidence destroyed, the identity of the 'unavailable' witnesses, the nature of what their testimony would have been, when they became unavailable, or what efforts were made by the defendants to locate them or adduce equivalent testimony or evidence; nor did they disclose any facts indicating that these witnesses or this evidence would have been available had criminal proceedings been reinstituted within a short time—that is, that the loss of evidence and unavailability of witnesses was caused by the prosecutorial delay. Thus, the declaration of counsel was entirely inadequate to support a conclusion that the defendants were substantially prejudiced by the prosecutorial delay." (And see *People* v. *Vanderburg* (1973) 32 Cal.App.3d 526, 533 [108 Cal.Rptr. 104]; and *People* v. *Hannon, supra,* 19 Cal.3d 588, 608-610.)

Respondent says that during the period she was "openly" receiving welfare benefits for her children and social security benefits for herself at an address on Grove Street. If her point is that she was not hiding from the police then the answer is that there is no contention that she was hiding from the police. If her point is that the "open" receipt of welfare benefits alerted the police to her whereabouts then the answer is, as appellant notes, that these are confidential records protected from scrutiny (Welf. & Inst. Code, § 10850) and that the police were under no duty to violate a law protective of privacy in order to facilitate her arrest.

Although each case in which the right to a speedy trial is proffered presents situations that are in some way unique, a number of cases involving one or more factors quite similar to this one are available for comparison. In *People* v. *Hannon, supra,* 19 Cal.3d 588, the delay was seven months, the police efforts to serve the warrant reasonable and the only actual prejudice to the accused was the difficulty of recall. The court said (at p. 610): "We are satisfied that the foregoing efforts to serve the warrant, in light of the meager information which was known about defendant's location, did not amount to negligence on the part of the state. The People have demonstrated sufficient justification to outweigh whatever prejudice accrued to defendant as the result of the seven-month delay in serving the warrant." (Fn. omitted.) In *People* v. *Vanderburg, supra,* 32 Cal.App.3d 526, a police delay of 18 months for the purpose of completing a buy program was considered reasonable and the only prejudice was a claim of memory loss. The court returned the case to the trial court which had dismissed the indictment and directed it to consider the evidence of guilt as shown by the testimony before the grand jury, saying: "If the evidence of guilt is not considered relevant in the balancing process, then a defendant will be entitled to a dismissal in all cases where there is a substantial delay in prosecution as a result of a valid police purpose simply by claiming an inability to recall the events in question. Such a rule would be untenable." (At p. 533, fn. 5.) The grand jury transcript was considered by the trial court in this case but that transcript, by itself, does not suggest that the prosecution necessarily has a weak case. The undercover agent bought narcotics twice from a person known to him as Annie Rodriguez. He identified respondent as that person from a photograph. Whether she was known to him before the buy cannot be discerned from the record and, although respondent assails the buyer's reliability because he was a drug user paid to inform, the record, as is the nature with grand jury transcripts, contains no impeachment evidence.

Also instructive are the cases of *Kaikas* v. *Superior Court, supra,* 18 Cal.App.3d 86 and *People* v. *Williams, supra,* 30 Cal.App.3d 502. In *Kaikas* the court denied defendant's writ when the delay was one year, the police efforts to locate the defendant consisted of three phone calls and use of the Police Information Network and the evidence of actual prejudice was no more than a statement that the defense had been impaired in its attempt to locate two material witnesses. In *Williams* a dismissal by the trial court was reversed where there had been an 18-month delay but the efforts of the police to locate the accused were, as they were here, anything but negligent.

The five-month delay between the indictment of respondent and her arrest did prejudice her. The record, however, reveals no substantial prejudice and, when the prejudice is weighed against the justification for delay tendered by the People, the conclusion that the trial court erred in granting the motion to dismiss is irresistible.

The judgment is reversed.

White, P. J., and Scott, J., concurred.