**UNITED STATES of America**

v.

**Econuel PERRY, Jr., et al.**

**Crim. No. 762–70.**

United States District Court,
District of Columbia.

Jan. 18, 1973.

Harold H. Titus, Jr., U. S. Atty., John F. Evans, Asst. U. S. Atty., James E. Sharp, Asst. U. S. Atty., Washington, D. C., for the United States.

Bernard Kemp, Washington, D. C., for Econuel Perry, Jr.

David B. Lamb, Washington, D. C., for Richard G. Beard.

Stephen S. Millstein, and Reuben K. Millstein, Washington, D. C., for John C. Matthews.

O. B. Parker, Washington, D. C., for Bruce C. Smith.

Anton M. Weiss, Washington, D. C., for Tracy L. Jones, Jr.

Ben Paul Noble, and Thomas O. Mann, Washington, D. C., for John W. Jackson.

## OPINION AND ORDER

HART, District Judge.

Defendants in this case have moved to dismiss for lack of a speedy trial as required by the Sixth Amendment of the Constitution.

The pertinent chronology of this case is as follows:

| | |
|---|---|
| January 27, 1970 | Alleged robbery committed |
| January 29, 1970 | Jackson and Smith arrested |
| February 6–11, 1970 | Perry, Beard and Matthews arrested |
| May 12, 1970 | Indictment returned |
| May 25–26, 1970 | All defendants arraigned |
| June 5, 1970 | Status hearing and trial date set for August 19, 1970 |
| June 9, 1970 | Jackson and Jones arrested for threats against witness in this case. |
| June 17, 1970 | Jones and Jackson indicted for threats in Criminal No. 1097–70. |
| June 24, 1970 | Defendants arraigned in Cr. No. 1097–70 and held without bond. |
| July 31, 1970 | Denial of bond in Cr. No. 1097–70, reversed by Court of Appeals and Gilbert hearing ordered. |
| August 17, 1970 | Trial date of August 19, 1970, continued to indefinite date because Judge recovering from illness. |
| August 20, 1970 | Gilbert hearing held in Cr. No. 1097–70. Jones released on bond, Jackson held without bond. |
| November 17–23, 1970 | Hearing on Motions to Suppress identification of witnesses Crespo, Cook and Middleton and on Motion to Quash Indictment. Motions to Quash and to Suppress identification of Crespo and Cook denied. Motion to Suppress identification of Middleton granted. |
| November 23, 1970 | Trial date set December 1, 1970 |
| December 1, 1970 | Trial date continued when Government announced it would take interlocutory appeal from ruling on Middleton. |
| December 2, 1970 | Order Suppressing all testimony by the witness Carlin P. Middleton signed. |
| January 4, 1971 | Government filed Notice of Appeal. |
| February 12, 1970 | Record received in Court of Appeals. |
| March 16, 1971 | Government's Motion to Extend Time to File Brief (granted). |
| April 13, 1971 | Government's Motion to Extend Time to File Brief (granted). |
| May 11, 1971 | Government's Motion for Leave to File Brief, Time Having Expired (granted). |
| May 12, 1971 | Defendant Jackson filed Motion to Dismiss Appeal (denied). |
| May 25, 1971 | Government's Brief filed. |
| July 1–28, 1971 | Various briefs for defendants filed. |
| September 17, 1971 | Government's Motion for Leave to File Appendix, Time Having Expired (granted). |

| | |
|---|---|
| October 26, 1971 | Government's Motion for Leave to File Reply Brief, Time Having Expired (granted). |
| February 10, 1972 | Judgment of Court of Appeals, affirming Judgment of District Court (no opinion). |
| February 24, 1972 | Government's Motion to Extend Time for Filing Petition for Re-Hearing (granted). |
| March 29, 1972 | Government's Motion to Extend Time for Filing Petition for Re-Hearing, Time Having Expired (granted). |
| April 5, 1972 | Defendants' Opposition to Extension of Time to File Petition for Re-Hearing. |
| April 12, 1972 | Government's Petition for Re-Hearing Filed. |
| October 20, 1972 | Judgment vacating Judgment of February 10, 1972, and remanding case for further consideration. |
| November 28, 1972 | Certified copy of Judgment to District Court. |

In the case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court identifies four factors which the Court should assess in determining whether a defendant has been deprived of his right to a speedy trial under the Sixth Amendment of the Constitution. These factors are:

1. Length of delay.
2. Reasons for delay.
3. Defendant's assertion of his right.
4. Prejudice to the defendant.

We will consider then the factors laid down by the Supreme Court as they apply to the case at bar.

## 1. LENGTH OF DELAY

The beginning of the period of delay is triggered by either arrest or indictment, whichever is first in point of time. In the case at bar we are dealing with six defendants. Various factors to be considered will vary to some extent with each defendant but since it is not deemed to be either practical or in the interest of justice to consider each defendant individually throughout each step of this opinion and, since generally the factors applicable to each will be applicable to all, they will be considered as a unit.

The first arrest occurred in this case on January 29, 1970. Other arrests followed until Febuary 11, 1970. The indictment was returned May 12, 1970.

The delay to date from arrests is just short of 3 years. Further, immediate trial at this time is not possible. Extensive discovery by way of interrogatories and depositions will be required under the mandate of the Court of Appeals in this case before trial. This discovery is presently in abeyance, pending decisions on the Motions to Dismiss for Lack of a Speedy Trial. If the Speedy Trial Motions are denied, it will be 2 to 3 months from the present before discovery can be completed and a trial can be had. For a convenient round figure, we may consider trial of this case delayed 3 years from arrest.

In Barker v. Wingo, *supra*, the Supreme Court said:

"* * * The delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."

The case at bar, although alleged to have occurred in the Department of Commerce Building, comes under the meaning of "street crime," as used in the Supreme Court.

In United States v. Rucker, 150 U.S. App.D.C. 314, 464 F.2d 823 (1972), our Court of Appeals said:

"A delay of over one year between arrest and trial raises a Sixth Amendment claim of 'prima facie merit.' Hedgepeth v. United States, 124 U.S. App.D.C. 291, 364 F.2d 684 (1966). It places on the Government the necessity of justification, the burden of which increases with the length of the delay. Id. at 687. When the delay approaches a year and a half as in this case, the Government must provide a justification which convincingly outweighs the prejudice which can normally be assumed to have been caused the defendant." See also: United States v. Hines, 147 U.S.App.D.C. 249, 455 F.2d 1317 (1972).

■ The delay of trial for three years in the case at bar, under the teachings of United States v. Rucker, *supra*, requires that "the Government must provide a justification which convincingly outweighs the prejudice which can normally be assumed to have been caused the defendant."

## 2. REASONS FOR DELAY

*(Government's Justification for Same)*

The Government attempts to meet the heavy burden of justification for the three year delay with the following assertion:

"In the instant case the entire relevant delay has been caused by the deliberate pace of the system of appellate review of a pre-trial ruling unfavorable to the Government after exhaustive hearings in the trial court."

The Government may well be in the position of a person who lives in a glass house who throws stones.

The Government required approximately 14½ months to accomplish the following actions: Return indictment after arrest; file interlocutory appeal; file briefs; file reply briefs; file petition for re-hearing.

Had the Government taken all the above steps in a timely fashion, the same could have been accomplished in 4 months. This means that the Government, through its failure to proceed in a timely fashion through the various steps from indictment through appeal, has delayed this case for approximately 10½ months.

With regard to actions in the Court of Appeals, the last Government brief was filed there on November 1, 1971, and the first opinion of the Court of Appeals, some 3 months later, on February 10, 1972. The Government's petition for rehearing was filed May 12, 1972, and 5½ months later, on October 20, 1972, the Court of Appeals issued its second opinion. Thus the total length of time this case was in the Court of Appeals subject to opinion, (not counting the delays permitted to the Government) was 7½ months. The overall time in the Court of Appeals was 20 months. It is not for this Court to say whether this length of time is necessary for a decision on a Motion to Suppress in the Court of Appeals. The United States Attorney, as such, is not responsible, but the Government is.

■ It is likewise true that unnecessary delays in the Trial Court, while not the responsibility of the United States Attorney, as such, are the responsibility of the Government.

In this case there was no deliberate attempt by the Government to delay trial in order to hamper the defense. The Government's delay can fairly be attributable to the shortage in the United States Attorney's Office of experienced personnel, both in the Grand Jury and in the Appellate Sections.

Any delay in the Trial and Appellate Courts is fairly attributable to an overcrowded calendar.

But in Barker v. Wingo, *supra*, the Supreme Court said that in weighing delay in trial, overcrowded Courts should be weighed less heavily (than Government's deliberate attempt to delay) "but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the govern-

ment rather than with the defendant." The same reasoning applies to a shortage of personnel in the United States Attorney's Office.

The delay of one month attributable to defendants is minimal.

To attempt to apportion the blame for delay between the Appellate Court, the Trial Court and the United States Attorney's Office is footless. In a 3-year delay in trial there is ample blame to share between the three of them.

■ This Court is not prepared to draw a hard and fast line as to just where shortages in United States Attorney personnel and overcrowded dockets cease to be a justification for delay, but the Court does hold that it falls short of 3 years in a street-type crime.

## 3. DEFENDANTS' ASSERTION OF THEIR RIGHTS

First assertion by a defendant of his rigth to a speedy trial came on January 11, 1971, when defendant Jackson filed in the District Court a Motion to Strike Notice of Appeal and to Resume Trial. A similar motion was filed in the Court of Appeals on May 12, 1971. On May 5, 1972, defendants opposed further extensions of time to file petition for rehearing.

Immediately after this case was remanded to this Court on November 28, 1972, the various defendants filed motions to dismiss for lack of a speedy trial.

In Barker v. Wingo, *supra*, the Supreme Court discussed at length the question of a defendant's assertion of his right to a speedy trial and his waiver of the right. The Supreme Court rejected the demand-waiver doctrine which would provide that a defendant waives any consideration of his right to speedy trial for any period to which he has not demanded a trial. In this connection the Supreme Court said:

> "A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring

that the trial is consistent with due process. Moreover, for the reasons earlier expressed, society has a particular interest in bringing swift prosecutions and society's representatives are the ones who should protect that interest."

The Supreme Court, while placing the duty for a speedy trial on the Government, recognized that if delay is attributable to the defendant, then his waiver may be given effect under the standard waiver doctrine, the demand rule aside.

The only delay in this case which can be attributed to any of the defendants is the period from May 25, 1971, to July 28, 1971, a period of a little over 2 months, when their briefs were filed. The time limit for the filing of their briefs was 30 days and they required a little over 60. This delay on defendant's part of slightly over a month is inconsequential when compared with the whole 3-year delay.

■ Under the rulings of the Supreme Court and of the United States Court of Appeals for the District of Columbia, it is clear that the defendants have not waived their rights to a speedy trial in this case.

## 4. PREJUDICE TO DEFENDANTS

The Supreme Court, in Barker v. Wingo, *supra*, identified three interests which the Court should consider in determining prejudice to a defendant for lack of a speedy trial.

### (i) *To Prevent Oppressive Pre-Trial Incarceration*

In the case at bar, during the 3-year period that this trial has been delayed, various of the defendants have been incarcerated for various periods of time for various causes—some of them directly relating to this case and some not. Without detailing the situation of each defendant, it is clear that several of the defendants in this case have been the subject of oppressive pre-trial incarceration for various periods of time.

**(ii)** *To Minimize Anxiety and Concern of the Accused*

These defendants, when not incarcerated, have still been disadvantaged by restraints on their liberty and by living under a cloud of anxiety, suspicion and hostility. At least one of the defendants has lost his job as a result thereof.

**(iii)** *To Limit the Possibility That the Defense Will Be Impaired*

In a street-type crime it is fundamental that a 3-year delay must inevitably impair the case of both the prosecution and the defense. The memory of witnesses for both prosecution and defense fade and become confused. Some witnesses for both sides may become unavailable and, in the case at bar, it is alleged that one of the investigators for the defense has moved from the area and that time has so affected his memory as to greatly reduce the value of his testimony.

In United States v. Rucker, *supra*, the Court of Appeals had before it for consideration whether appellant was prejudiced because of a delay of nearly 18 months between arrest and trial. Speaking through Judge McGowan in that case, the Court said:

"If the conviction is to be affirmed, rather, it must be on the ground that appellant was not significantly prejudiced by the delay in bringing his case to trial. Considering the circumstances in light of Supreme Court precedent, we conclude that there is present here a 'reasonable possibility of significant prejudice.' United States v. Holt, 145 U.S.App.D.C. 185, 448 F.2d 1108 (1971). Cert. denied, 404 U.S. 942 [, 92 S.Ct. 292, 30 L.Ed.2d 257] (1971)"

If, under the circumstances of *Rucker*, an 18-month delay presented a "reasonable possibility of significant prejudice," in the case at bar the 36-month delay presents a reasonable certainty of significant prejudice.

The Government having failed to present a convincing justification for the 3-year delay, it is by the Court this 18th day of January, 1973,

Ordered, That the indictment in this cause be and the same is dismissed as to all defendants for lack of a speedy trial.