Opinion
COLE, J.
Defendant was convicted of failing to stop for a red traffic light. He was fined $10 plus a penalty assessment of $5.50. We have no statement on appeal or other record to advise us of the facts.
*Supp. 7 Defendant was sentenced on August 12, 1974. On August 28, 1974, he filed a notice of appeal and-a statement on appeal. The next docket entry is precisely seven months later: on March 28, 1975,. the municipal court set April 8, 1975, as the date for a hearing to settle the statement on appeal. This delay is the fault of the court below which has not complied with rule 187, California Rules of Court. That rule states that upon the filing of any proposed amendments to a statement on appeal or upon the expiration of time to file any such amendments “. . . the trial judge shall forthwith fix a time for settlement of the statement... which time shall be as early as the business of the court will permit. . . .” (Italics added.)
The record also shows that no one appeared at the hearing on April 8, 1975. The minutes state that defendant’s statement on appeal “is not certified but is ordered forwarded to Appellate Department.” This department returned the statement on appeal to the municipal court, but it never has been settled. This, too, is a violation of rule 187. The rule further provides that “The trial judge shall at the time fixed, or any other time to which the matter may be continued, settle the statement....”
The language of the rule is clear; the duty imposed on the trial judge is mandatory. No reason appears for the seven-month delay in setting the matter for hearing or for the failure to settle the statement once the hearing was had. The trial judge should have acted much more promptly in setting the hearing. Absence of the parties from such hearing, unless good cause is shown for such absence, should not be taken as a reason to fail to settle the statement.
The question remains as to the proper disposition of this matter. Given the great delay which has occurred and the relatively minor nature of the infraction involved and the fine imposed, we conclude that in this instance it would not be in the interests of justice to prolong the matter. Accordingly, the judgment is reversed with directions to dismiss the complaint.
Holmes, P. J., and Alarcon, J., concurred.