Opinion
ALARCON, J.
This court has been required to reverse or remand an increasing number of matters, not on the merits of appellants’ contentions but due solely to the failure of settled statements on appeal to reflect what transpired before the trial court. Failure to prepare a proper settled statement results in unnecessary expense to the taxpayer and inconvenience to the litigants. In a traffic infraction case, for example, the loss of worktime and income incident to new proceedings in the trial court may cause a defendant unjustly convicted to abandon his appeal. In the hope that a discussion of the appropriate manner of preparing a settled statement will result in greater efficiency and a more economic use of justice system manpower, we will summarize our perception of the authorities qoncerning this subject. In so doing, we are cognizant that we are reaching beyond the problems raised in the instant appeals.

The Governing Rules

Proceedings in appellate departments of the superior courts are. governed by rules of the Judicial Council set forth in California Rules of Court as rules 101 to 191. The procedure in criminal appeals is governed primarily by rules 181 to 191. (Cal. Const., art. VI, § 6; Pen. Code, § 1468.) Comparison of those rules with the parallel rules governing appellate proceedings in criminal cases in the Courts of Appeal and Supreme Court (Cal. Rules of Court, rules 30 to 54) shows that the underlying intent is to provide means for relatively speedy and inexpensive appeals from judgments and appealable orders in criminal cases arising in the municipal and justice courts within the framework of accurate and fair presentation of a record of what happened in the trial court. We conceive it to be the duty of all who are entrusted with the administration of this branch of our judicial system to achieve those objectives so far as possible.

*Supp. 61
Settled Statement Versus Reporter’s Transcript

An appellant in a criminal matter is entitled to a “record of sufficient completeness” to permit appellate scrutiny of his claims of error. (Coppedge v. United States (1962) 369 U.S. 438, 446 [8 L.Ed.2d 21, 29, 82 S.Ct. 917]; see also Draper v. Washington (1963) 372 U.S. 487, 499 [9 L.Ed.2d 899, 907-908, 83 S.Ct. 774].) A verbatim transcript is not required in order to provide a record of sufficient completeness. “Sometimes a statement of the facts agreed to by both sides will be sufficient, and even when the contentions go to the rulings on evidence or its sufficiency, requiring access to a verbatim transcript, the transcript provided can be limited to the portions relevant to those issues.” (March v. Municipal Court (1972) 7 Cal.3d 422, 428 [102 Cal.Rptr. 597, 498 P.2d 437, 66 A.L.R.3d 945].) Where an indigent appellant makes a showing of “colorable need” for a complete transcript, the burden switches to the state to show that a settled statement will be sufficient to constitute a record of sufficient completeness for appropriate consideration of the contentions urged on appeal. (March v. Municipal Court, supra, 7 Cal.3d at pp. 428-429.)[1] Under such circumstances the appellant is not required to show in addition that he has made a good faith effort to obtain a settled statement. If a reporter was present at the subject proceedings, an indigent defendant is entitled to a free transcript where such record is essential to the appeal. (Griffin v. Illinois (1956) 351 U.S. 12, 19 [100 L.Ed. 891, 899, 76 S.Ct. 585]; Draper v. Washington (1963) 372 U.S. 487, 496 [9 L.Ed.2d 899, 905-906, 83 S.Ct. 774]; see also People v. Hosner (1975) 15 Cal.3d 60, 64 [123 Cal.Rptr. 381, 538 P.2d 1141]) whether he is accused of a felony or a misdemeanor. (Williams v. Oklahoma City (1969) 395 U.S. 458, 460 [23 L.Ed.2d 440, 442, 89 S.Ct. 1818]; March v. Municipal Court (1972) 7 Cal.3d 422, 428 [102 Cal.Rptr. 597, 498 P.2d 437, 66 A.L.R.3d 945].)
A court reporter is not required in a misdemeanor trial. However, if there was no court reporter at the trial and a settled statement cannot be drafted which will afford an adequate basis for appellate review, the defendant is entitled to a new trial as a matter of due process. (See Preston v. Municipal Court (1961) 188 Cal.App.2d 76, 85-87 [10 Cal.Rptr. 301].)_

*Supp. 62
Proposed Statement on Appeal

Procedural Steps

1. Reporter’s Transcript. If an appellant desires to have appellate review of any part of the evidence, or of any proceedings which are not a part of the record on appeal, he must serve and file a proposed statement on appeal within five days after filing notice of appeal (rule 184(d)).
If the proceedings were reported by an official reporter the appellant may choose to rely on a transcript of the relevant proceedings instead of a narrative statement of the facts. Notice must be given in the proposed statement on appeal of his intention to file a reporter’s transcript of the evidence and to make such transcript a part of the statement. If such notice is given, the appellant may omit any other statement of the evidence and proceedings from his proposed statement (rule 184(a)).
If proper notice has been given in the proposed statement that the appellant intends to file a reporter’s transcript he must file or cause to be filed a certified transcript of the evidence or proceedings within 15 days. Within 2 days after such filing he must notify the respondent of the filing. If the reporter’s transcript is not filed within 15 days, or notice is not given of its filing within 2 days of the filing thereof, the appellant’s right to present the relevant evidence by way of a transcript is lost, unless the appellant receives a lawful extension of time. (Rule 184(d).)
The trial court may, for good cause shown by affidavit, grant the appellant up to 15 additional days for filing the transcript and giving notice thereof (rule 186(a)).
If additional time is required, an appellant must apply to the superior court, or in a county which has an appellate department of the superior court, to the presiding judge of that appellate department, for any further extension of time (rule 186(a)).
If the reporter refuses, fails, or is unable to prepare the requested transcript, the appellant may, within 5 days after the date the transcript was required to be filed, move the trial court for permission to file amendments to the proposed statement setting forth the evidence necessary to determination of the appeal. If the trial judge grants the motion, the appellant must serve and file such amendments within 5 days after the issuance of such order. (Rule 184(d).)
*Supp. 63 2. Proposed Statement on Appeal. A proposed statement on appeal must be filed within 5 days after filing the notice of appeal. (Rule 184(d).) This must be done in all cases where appellant desires review of the proceedings in the trial court not reflected by the judgment roll, whether or not a reporter was present at the trial and whether the appellant intends to, or does not intend to, include a reporter’s transcript in the record on appeal. In those cases where no official reporter was present, or where a reporter’s transcript is not filed as part of the record on appeal, the proposed statement on appeal must set forth so much of the evidence and other proceedings as is necessary for a determination of the issues raised on appeal. If the proposed statement does not set forth the evidence concerning an issue raised on appeal, it will be presumed by the appellate court that the facts presented to the trial court supported the judgment or order. (Rule 184(a).)
The proposed statement on appeal must also contain a specification of the grounds on which the appellant bases his appeal. The rulings or other matters upon which the appeal is based must be set forth with sufficient particularity to give notice to the court and the respondent of such contentions. (Rule 184(b).) However, a general description of the points to be made is sufficient without specifying each separate ruling or matter which will be asserted on appeal.
If insufficiency of the evidence is claimed, the particular manner in which it is insufficient must be stated unless a reporter’s transcript of all the evidence presented at the trial is made part of the proposed statement. (Rule 184(b).)
No ground on appeal not set forth in the proposed statement may be considered by the appellate court unless the record on appeal fairly and fully presents all the evidence and proceedings necessary to decide the additional point. (Rule 184(b).)
If an appellant fails to serve and file a proposed statement on appeal within the times set forth in the rules or any lawful extension thereof, his right to have a statement settled and certified terminates. (Rule 184(d).)

Procedure on Settling the Statement on Appeal

No specific time is prescribed in the rules for setting of the settlement hearing. However, rule 187 states that the hearing shall be set *Supp. 64 “forthwith” and “as early as the business of the court will permit” upon the filing of the proposed amendments to the proposed statement on appeal or the expiration of the time for such filing. Rule 184(d) requires service and filing of the proposed statement on appeal within 5 days of the filing of the notice of appeal. Rule 185 provides that the respondent may file amendments within 10 days after the proposed statement on appeal is served upon him, or upon notification that a reporter’s transcript has been filed. The transcript certified by the reporter must be filed within 15 days of the filing of the proposed statement on appeal. Appellant must give notice to respondent within 2 days that it has been filed. (Rule 184(d).) Reading these rules together, a trial judge should schedule a hearing to settle a statement on appeal “forthwith” after 15 days from the filing of the notice of appeal where the proposed statement does not show that a reporter’s transcript is going to be filed, and “forthwith” 32 days after the filing of a notice of appeal which indicates that a reporter’s transcript is to be filed.
At least 5 days before the settlement hearing, notice thereof must be mailed to each party or to the attorney of any party appearing by counsel. (Rule 187.)
The trial judge may direct the appellant to “engross”—that is, put in final written form—the statement [or transcript] as settled. The appellant must do this within 5 days of the date of settlement or any lawful extension of this time period. Failure to engross within the prescribed time period will terminate the appellant’s right to a settled statement or certified transcript. When a statement is settled, or engrossed, if engrossment is ordered the trial court must certify to its correctness. (Rule 187.)
4. Duty of the Trial Judge Concerning the Evidence. The trial judge must settle the. statement. He must correct, alter, or rewrite the statement, if this proves to be necessary to make the settled statement set forth the evidence and proceedings “fairly and truly” (rule 187). The duty imposed on the trial judge to settle a truthful statement of the evidence is not satisfied by merely taking the appellant’s proposed statement and the respondent’s proposed amendments and certifying both to the appellate court. (See Williams v. Goldberg (1944) 66 Cal.App.2d 40, 46 [151 P.2d 853].) Where there are conflicts as to what transpired at the trial the court must resolve the dispute as to the facts and see to it that a single unified statement is prepared which sets forth the evidence and testimony received at the trial. To assist him in carrying out his responsibility to *Supp. 65 prepare an accurate statement of the evidence the trial court may rely on the appellant’s proposed statement, the respondent’s proposed amendments, and his own notes or memoiy of the evidence. If a reporter was present the trial judge may order the testimony read to him to refresh his memory. (See Keller v. Superior Court (1950) 100 Cal.App.2d 231 [223 P.2d 309]; Eisenberg v. Superior Court (1956) 142 Cal.App.2d 12 [297 P.2d 803].) As a last resort the trial judge may recall witnesses to give testimony anew. (Western States Const. Co. v. Municipal Ct. (1951) 38 Cal.2d 146, 148-151 [238 P.2d 562].)
The failure of the respondent to file proposed amendments does not “relieve the trial judge of his duty to settle the proposed statement with such corrections and additions as might be necessary” so that the statement conforms to the truth. (Western States Const. Co. v. Municipal Ct. (1951) 38 Cal.2d 146, 151 [238 P.2d 562].)
 A proper settled statement should contain the following:
1. A concise factual summary of each of the proceedings before the court from arraignment to judgment including a recitation of the manner in which each of the defendant’s relevant constitutional rights were protected.[2]
2. A narrative summary of the testimony of each witness who testified for the People and for the defendant whose testimony is relevant to the issues raised in the grounds on appeal. A conclusionary statement of what the evidence showed as to a disputed issue or the sufficiency of the evidence to establish guilt does not comply with the responsibility of the trial judge under rule 187 to set forth the evidence “fairly and truly.” It is of no value to this court to include the trial court’s conclusions as to the merits of the appellant’s grounds of appeal. Such conclusions tend to cast doubt on the impartiality of the trier of fact.
3. The specifications of error submitted by the appellant. It is mandatory that these be included as formulated by the appellant. (Rule 187.)
*Supp. 66 With this discussion as a background, we now proceed to analyze the problems presented by these combined appeals.

The Jenkins Appeal

The docket shows that the defendant filed his notice of appeal and a proposed statement on appeal on February 24, 1975. The record on appeal certified to this court by the clerk contains the appellant’s proposed statement on appeal.
On June 18, 1975, the docket indicates that “The Court does now settle and allow Peoples [sic] Statement on Appeal and certifies that the same is true and correct statement of proceedings had in the above entitled action.”
The trial judge made no alterations or corrections to the document submitted by the People. In fact, the purported statement on appeal is entitled “People’s Amendments to Defendant’s Proposed Statement on Appeal.”
The document settled by the trial court is deficient for the following reasons:
1. While the docket shows that two witnesses testified for the defense, the statement is silent as to their testimony.
2. The statement does not contain the appellant’s specifications of the grounds of appeal.
3. The statement contains argument and conclusions concerning the merits of the grounds on appeal. As noted above, partisan comments on the issues to be raised-on appeal are totally inappropriate in a statement on appeal.
Because of the failure of the trial court to meet its responsibility under the clear mandate of rule 187, we are forced to vacate the setting of this matter. The case is remanded to the trial court for the preparation of a proper settled statement consistent with the California Rules of Court as explicated above.

*Supp. 67
The Mathenge Appeal

In the Mathenge matter the docket shows that the defendant filed his notice of appeal and proposed statement on appeal on January 17, 1975. The respondent was notified by mail of such filings on the same date.
Over four months later on May 20, 1975, the trial court ordered a hearing to settle the statement on appeal for the date of June 27, 1975. The docket indicates that a hearing to settle the statement was held on June 27, 1975. The entry for that date states inter alia “ . . . The Court does now settle and allow the foregoing statement on appeal and certifies that the same is a true and correct statement of the proceedings had in the above entitled action.”
The record is silent as to whether the appellant or the respondent were actually present at the hearing to settle the statement. The record on appeal does not contain proposed amendments to the statement on appeal.
The statement certified by the trial judge, as a true statement of the evidence upon which he found the appellant guilty of driving in excess of 55 miles per hour, shows that the defendant was driving 45 miles per hour.
Since the settled statement does not contain any evidence which would support a conviction, we must reverse the judgment. We suspect that the evidence which was actually presented to the court may have differed from that which was certified to us by the trial judge as the evidence heard by him. One possible explanation for this strange settled statement is the long delay between the filing of the notice of appeal (Januaiy 17, 1975) and the date (May 20, 1975) when the parties were notified of the time fixed for the hearing to settle the statement on appeal. This unexplained delay was in violation of the requirements of rule 187 that the time for the settlement hearing be fixed forthwith on a date as early as business of the court will permit. The reason for this rule is obvious. Because of the enormous volume of infractions and misdemeanor matters swamping our court system, delay in settling a statement on appeal will make it difficult, if not impossible, for trial judges and prosecutors to recall the testimony in the trial of a specific petty offense which occurred weeks or months before the settlement conference. To avoid reversals in cases where the conviction was supported by substantial evidence, prosecutors’ offices *Supp. 68 should monitor cases where a notice of appeal has been filed and, where necessary, petition the trial court to set an early settlement hearing if the court fails to comply with rule 187 in a timely manner.
The judgment in the Mathenge matter, Crim. A. No. 13501, is reversed.
Marshall, P. J. and Holmes, J.,* concurred.

On the March case colorable need for a reporter’s transcript instead of a settled statement on the issue of the sufficiency of the evidence was shown by the fact that the trial lasted approximately four weeks during which forty-five witnesses testified. There were seven defendants and twenty-one counts.

For example, if the defendant, acting in propria persona, was found guilty of a misdemeanor by a temporary judge, the settled statement should contain reference to the specific admonitions given if any, as to the right to counsel, to trial by jury, and the privilege against self-incrimination and any waivers of these rights which may have been accepted by the court. In addition, the settled statement should reflect the manner in which the parties agreed to a temporary judge, if such stipulation occurred.

Assigned by the Chairman of the Judicial Council.