Opinion
MARSHALL, P. J.
The defendant was convicted of violation of section 21703 of the Vehicle Code on June 12, 1974. The defendant filed his notice of appeal on June 19, 1974, together with a proposed statement. The respondent filed amendments to the proposed statement on June 26, 1974, and July 19, 1974. Nothing else occurred in this case until January 17, 1975, when a hearing was set for January 28, 1975, to settle the statement. On January 28, 1975, the defendant was absent and *Supp. 8 the trial court certified the respondent’s amendments on that date. The papers were not transmitted to this court until November 5, 1975. On March 24, 1976, the matter was remanded to the trial court for resettlement and finally, on April 15, 1976, some 22 months after the notice of appeal was filed, the present settled statement was filed.
What transpired or what delayed this appeal from July 19, 1974, when the last of respondent’s amendments was filed, to January 28, 1975, when the hearing to settle was held, is unknown. Also unknown is the reason for the delay in the transfer of the record to this court from January 28, 1975, to November 5, 1975.
What is clear is that an appeal from a conviction for following too closely, an infraction, consumed a total of nearly 25 months. The trial court is responsible for settlement of the statement (rule 187); it must discharge its duty expeditiously. It did not do so. The court in Tramel v. State of Idaho (10th Cir. 1972) 459 F.2d 57, 58, declared, “. .. inordinate and inexcusable delay in state court process may itself become a denial of due process.” (See also Way v. Crouse (10th Cir. 1970) 421 F.2d 145, 146.)
It is the duty of all branches of government to insure that each defendant is accorded his full measure of due process. As the court held in People v. Tufts (1914) 167 Cal. 266, 273, 274 [139 P. 78]: “[T]he function of a [prosecutor] is largely judicial, and ... he owes to the defendant as solemn a duty of fairness as he is bound to give to the state full measure of earnestness and fervor in the performance of his official obligations.” Fairness to a defendant requires that criminal prosecutions should proceed with a minimum of delay. A prosecutor is required to enforce the law on behalf of all citizens including those accused of criminal conduct. Putting altruism aside it would appear to us to be an exercise of enlightened self-interest for prosecutors to insist upon an early hearing for the settlement of statements on appeal to avoid the dismissal of an otherwise flawless prosecution because of unnecessary procedural delays.
Progress of an appeal as snail-like as this damages the integrity of the court and denigrates the concept of due process. After such untoward delay in a relatively minor violation of the law it would impose an *Supp. 9 economic burden on defendant beyond legislative intent, to require anything further of him. (See People v. Bighinatti (1975) 55 Cal.App.3d Supp. 5 [127 Cal.Rptr. 310].)
The judgment is reversed and the municipal court is directed to dismiss the complaint.
Cole, J., and Alarcon, J., concurred.