Opinion
SHABO, J.
The People appeal from an order of the trial court dismissing the charge of violating Vehicle Code section 23102, subdivision (a) (driving *Supp. 4 under the influence of alcohol) and adding a charge of violating Vehicle Code section 23103 (reckless driving) as well as from the judgment based on that order. They contend that the court improperly amended the complaint, over the People’s objection, to allow defendant to plead nolo contendere to a lesser crime than the one with which he was originally charged. We agree and reverse the order and judgment. We also explain why we denied respondent’s motion to dismiss the appeal.
The record reveals that on September 24, 1981, a complaint was filed against defendant in Rio Hondo Municipal Court charging him with one count of violating former section 23102, subdivision (a) (driving under the influence of alcohol) of the Vehicle Code. On March 25, 1982, defendant appeared in court with counsel and the following took place:
“The Court: On the trial calendar, Luis Hernandez.
“Mr. Rios: Ready for trial.
“The Court: Will your client plead to reckless driving?
“Mr. Rios: Yes.
“The Court: Mr. Hernandez, I am willing on the court’s own motion to reduce this offense to reckless driving only because you have no prior record and only because the damage has been paid in this accident in this case. I am doing this over the objection of the People. I don’t normally do that, but in this case I feel that you have a lot of things going for you. That does not excuse your conduct on this particular date.
“Also, if the court calendar was not so crowded I would not be so inclined to do that.”
The deputy district attorney prosecuting the matter objected to the proposed disposition on the ground that the court was appropriating the role of the prosecuting agency by determining the nature of the charge to be filed and was thus violating the doctrine of separation of powers. The court proceeded to amend the complaint by interlineation, adding the reckless driving charge.[1] Defendant pleaded no contest to the charge of reckless driving and was placed on probation on stated terms and conditions.
*Supp. 5 Discussion
i . The Delay in the Appellate Process Did Not Justify Dismissal of the Appeal.
Relying primarily upon People v. Kerwin (1972) 23 Cal.App.3d 466 [100 Cal.Rptr. 240] and our decisions in People v. Ruhl (1976) 63 Cal.App.3d Supp. 6 [134 Cal.Rptr. 62] and People v. Bighinatti (1975) 55 Cal.App.3d Supp. 5 [127 Cal.Rptr. 310], respondent moved this court to dismiss the instant appeal. Respondent contended that his right to due process of law and to a speedy trial had been abridged by reason of a 14-month delay in processing the instant appeal.[2] By a separate order we denied his motion. At his request, made on petition for rehearing, we now explain our reasons for doing so.
Although irregularities resulting in delay in the appellate process may, when meaningful appellate review is precluded thereby, constitute a violation of due process of law (see People v. Sylvia (1960) 54 Cal.2d 115, 125 [4 Cal.Rptr. 509, 351 P.2d 781]; People v. Ruhl, supra, 63 Cal.App.3d Supp. at p. 8), a defendant on appeal is not entitled to a reversal of the judgment of conviction by reason of the delay if the defendant secures an adequate hearing of the appeal. (People v. Sylvia, supra.) In the case at bench, the delay in the appellate process of which respondent complains has not defeated his right to an adequate hearing on appeal; thus, respondent has not established that the delay in any way prejudiced him on appellate review. Indeed he states: “It is not respondent’s position before this court that the delay in this case has prevented adequate review on appeal. It is rather respondent’s position that the inordinate and unjustified delay in this case has violated his statutory and constitutional right to a speedy trial. ” (Italics in original.) In essence respondent argues that the delay in the appellate process will result in respondent’s excessively delayed trial, thereby depriving him of his Sixth Amendment right to a speedy trial as well as his statutory right under Penal Code section 1382.
Because of respondent’s posture in reference to his motion to dismiss, we need not decide whether the right to a speedy appeal emanates from the right to a speedy trial or from the constitutional guarantee of due process of law. We observe, however, that the vast majority of courts generally have rejected speedy trial as the constitutional basis for the right to a speedy appeal; instead they have recognized due process as the right’s foundation— at least in postjudgment appeals by the defendant. (See, e.g., People v. *Supp. 6 Sylvia, supra, 54 Cal.2d 115; Commonwealth v. Pounds (1980) 490 Pa. 621 [417 A.2d 597]; Cunningham v. State (Tex.Crim.App. 1972) 484 S.W.2d 906; Zanders v. State (Tex.Crim.App. 1974) 515 S.W.2d 907; Colunga v. State (Tex.Crim.App. 1975) 527 S.W.2d 285; State v. Lagerquist (1970) 254 S.C. 501 [176 S.E.2d 141]; State v. Johnson (La. 1978) 363 So.2d 458; State v. Crabtree (Mo.App. 1981) 625 S.W.2d 670; State ex rel. Mastrian v. Tahash (1967) 277 Minn. 309 [152 N.W.2d 786]; State v. Lane (La. 1974) 302 So.2d 880; State v. Copper (1977) 52 Ohio St.2d 163 [6 Ohio Ops.3d 377, 370 N.E.2d 725]; United States v. Alston (D.C. App. 1980) 412 A.2d 351; Doescher v. Estelle (N.D.Tex. 1978) 454 F.Supp. 943; United States v. Cifarelli (2d Cir. 1968) 401 F.2d 512; Petition of Williams (1979) 378 Mass. 623 [393 N.E.2d 353]; Walker v. Store (1981) 247 Ga. 484 [277 S.E.2d 242]; Gajdos v. State (Ind. 1984) 462 N.E.2d 1017; Store v. Chapple (1983) 135 Ariz. 281 [660 P.2d 1208]; Roberson v. Store of Connecticut (2d Cir. 1974) 501 F.2d. 305, 310 (cone, and dir. opn. of Mansfield, J.); State v. Cooper, supra, 370 N.E.2d 725; see, also, Commonwealth v. Dominico (1974) 1 Mass.App. 693 [306 N.E.2d 835]; Commonwealth v. Swenson (1975) 368 Mass. 268 [331 N.E.2d 893]; Dozie v. Cady (7th Cir. 1970) 430 F.2d 637; Layne v. Gunter (1st Cir. 1977) 559 F.2d 850; Smith v. Kansas (10th Cir. 1966) 356 F.2d 654; Codispoti v. Howard (3d Cir. 1978) 589 F.2d 135; Way v. Crouse (10th Cir. 1970) 421 F.2d 145; but see Guam v. Olsen (D. Guam App.Div. 1978) 462 F.Supp. 608; cf. Reese v. State (Tex.Crim.App. 1972) 481 S.W.2d 841 [no basis stated].)
In assessing the constitutional claim on due process grounds some courts have applied the factors set forth in Barker v. Wingo (1972) 407 U.S. 514, 530 [33 L.Ed.2d 101, 116-117, 92 S.Ct. 2182]; (see, e.g., State v. Files (1981) 183 Conn. 586 [441 A.2d 27, 27 A.L.R.4th 208]; Petition of Williams, supra, 393 N.E.2d at p. 355; Doescher v. Estelle, supra, 454 F.Supp. at p. 947; State v. Crabtree, supra, 625 S.W.2d at p. 674; Rheuark v. Shaw (5th Cir. 1980) 628 F.2d 297, 303; but see United States v. Alston, supra, 412 A.2d at pp. 357-359); an apparent minority of courts have focused essentially on the length of unjustified delay (Guam v. Olsen, supra, 462 F.Supp. 608; see, also, People v. Kerwin, supra, 23 Cal.App.3d 466; cf. State v. Files, supra, 441 A.2d 27). A majority of other jurisdictions, including California, seem to balance the factors of prejudice against justification for the delay. (See, e.g., People v. Sylvia, supra, 54 Cal.2d 115; People v. Missouri (1980) 100 Mich.App. 310 [299 N.W.2d 346, 352-353]; State v. Lagerquist, supra, 176 S.E.2d at p. 143; Gajdos v. State, supra, 462 N.E.2d at p. 1023; United States v. Alston, supra, 412 A.2d 351; State v. Chappie, supra, 660 P.2d at pp. 1225-1226; Dozie v. Cady, supra, 430 F.2d at p. 638; see, also, Commonwealth v. Swenson, supra, 331 N.E.2d at p. 901; Codispoti v. Howard, supra, 589 F.2d at p. 142); these courts *Supp. 7 generally have considered prejudice in terms of the delay’s impact upon the effectiveness and adequacy of appellate review (see, e.g., People v. Sylvia, supra, 54 Cal.2d 115; Commonwealth v. Dominico, supra, 306 N.E.2d at p. 855; Way v. Crouse, supra, 421 F.2d at p. 147), and have determined that the remedy for undue delay is review itself. (See, e.g., People v. Sylvia, supra; People v. Missouri, supra, 299 N.W.2d at p. 353; Commonwealth v. Dominico, supra, 306 N.E.2d at p. 855; see, also, State v. Crabtree, supra, 625 S.W.2d at p. 675; Layne v. Gunter, supra, 559 F.2d at p. 852; Reese v. State, supra, 481 S.W.2d at p. 843; Way v. Crouse, supra, 421 F.2d at p. 147.)
Because of respondent’s contention and the procedural posture of the case as a People’s appeal, whose successful outcome will result in a probable future trial of respondent, an analysis grounded upon the right to a speedy trial is compelled.[3] (See People v. Kerwin, supra, 23 Cal.App.3d 466; State v. Files, supra, 441 A.2d 27; Note, The Sixth Amendment Speedy Trial Guarantee: Delay Resulting From Interlocutory Appeals (1980) 60 B.U.L.Rev. 664.) In California, the resolution of a constitutionally based claim of denial of a speedy trial requires that the court weigh the justification for delay against a showing of actual prejudice. (Scherling v. Superior Court (1978) 22 Cal.3d 493, 505 [149 Cal.Rptr. 597, 585 P.2d 219]; People v. Bradford (1976) 17 Cal.3d 8, 18-19 [130 Cal.Rptr. 129, 549 P.2d 1225]; Jones v. Superior Court (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10]; Overby v. Municipal Court (1981) 121 Cal.App.3d 377, 383, 385-387 [175 Cal.Rptr. 352].) In this connection, it has been suggested by the author of the Boston University Law Review note that delay weighs against the prosecution; however, the author emphasizes that in determining the final weight to be attributed to this factor a court should look to the following four criteria: (1) the significance of the issue on appeal to maintaining the prosecution of the accused, i.e., could the prosecution proceed without an appeal of the adverse ruling? (See United States v. Herman, supra, 576 F.2d 1139, 1146-1147; cf. State v. Jenkins (1977) 29 Ore.App. 751 [565 P.2d 758, 761]); (2) the strength of the prosecution’s position in reference to the issue appealed; (see State v. Fernald (Me. 1979) 397 A.2d 194, 196; United States v. Herman, supra, *Supp. 8 576 F.2d at p. 1146); (3) the dispatch with which the prosecution has pursued its appeal (see Day v. United States, supra, 390 A.2d 957, 967-968; United States v. Perry (D.D.C. 1973) 353 F.Supp. 1235, 1238); and (4) the seriousness of the offense charged. (United States v. Herman, supra, 576 F.2d at pp. 1146, 1147.) (See, also, Note, supra, at pp. 679-683.)
Applying the foregoing factors we conclude that the issue raised by the prosecution on this appeal was most significant, i.e., the power of a court to usurp the prosecution’s charging function and to dispose of the case by reaching a plea agreement with the accused over the People’s objection. (See People v. Orin (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193].) Without appellate intervention the originally charged offense could not be tried by virtue of the trial court’s unauthorized action. (See People v. Orin, supra, at p. 943.) Moreover, the prosecution engaged in no inordinate avoidable delay in prosecuting their appeal.[4] Furthermore, the People’s position on appeal was unquestionably strong. Finally, the charged violation of former section 23102, subdivision (a) (now § 23152, subd. (a)) of the Vehicle Code is among the most serious of misdemeanor offenses. Even weighing against the prosecution the 14-month delay on appeal from the time of filing the People’s notice of appeal, the foregoing circumstances did not warrant granting respondent’s motion to dismiss. Indeed, as previously noted, respondent concedes that he has not been denied adequate appellate review.
None of the cases on which respondent relies requires a contrary determination. People v. Kerwin, supra, 23 Cal.App.3d 466, involved a People’s appeal of an order setting aside an information under Penal Code section 995 where, due to clerical error, the relevant period of unjustified delay in the appellate process exceeded by 30 days the 60-day time limit of section 1382, subdivision 2, which the Court of Appeal held was analogous, albeit imperfectly, to the constitutionally permissible period of delay under the state Constitution’s right to a speedy trial. The defendant in Kerwin was unaware of the pendency of the People’s appeal. Unlike Kerwin the case at bench is not one in which the defendant was unaware of the pendency of the appeal. Most significantly, however, the People in Kerwin conceded “that in the ordinary case a deprivation of a constitutional right to a speedy trial aborts the prosecution, whether or not prejudice is shown once it is established that there has been unreasonable delay.” That concession, based upon then prevailing law as set forth in Harris v. Municipal Court (1930) 209 Cal. 55, 64 [285 P. 699], and Rost v. Municipal Court (1960) 184 Cal.App.2d 507, 511 [7 Cal.Rptr. 869, 85 A.L.R.2d 974], no longer *Supp. 9 represents the law in California. (Scherling v. Superior Court, supra, 22 Cal.3d 493, 505; Overby v. Municipal Court, supra, 121 Cal.App.3d 377, 383-387.) Moreover, the statutory period set forth in section 1382, although supplementary to a construction of the constitutional speedy trial provision, does not “carry the force or weight of constitutionally mandated imperatives.” (Townsend v. Superior Court (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619].)
Respondent misconstrues the holdings in People v. Bighinatti, supra, 55 Cal.App.3d Supp.5 and People v. Ruhl, supra, 63 Cal.App.3d Supp. 6, both of which involved inordinate delays in the appeals of minor traffic infractions. We ordered the appeals dismissed in the interests of justice. As we explained in Ruhl, the relatively minor traffic infraction did not justify the additional hardship on the accused which retrial would entail (63 Cal.App.3d Supp. at pp. 8-9.) We therefore exercised our discretionary power to dismiss the appeal. However, neither Bighinatti nor Ruhl support the proposition that inordinate and excessive delay in the appellate process alone requires dismissal of an appeal. (Cf. People v. Snowdy (1965) 237 Cal.App.2d 677, 683-684 [47 Cal.Rptr. 83].)
Having explained our reasons for denying respondent’s motion, we now set forth our views of the responsibilities of the parties to an appeal and of the trial court in the hope of avoiding future needless delays in the appellate process.
The duty imposed upon the trial judge in settling the statement on appeal as expeditiously as possible is mandatory under rule 187 of the California Rules of Court. (People v. Bighinatti, supra, 55 Cal.App.3d Supp. 5, 7; see, also, People v. Ruhl, supra, 63 Cal.App.3d Supp. 6; People v. Jenkins (1976) 55 Cal.App.3d Supp. 55, 63-64 [127 Cal.Rptr. 870].) In Jenkins, supra, we noted that the trial judge, pursuant to rule 187, shall act expeditiously in setting a hearing to settle the statement on appeal or to certify the reporter’s transcript. The judge’s duty is of course triggered by the timely service and filing of a proposed statement on appeal. Under rule 184(d), an appellant has 15 days after the filing of notice of appeal to serve on the respondent and file with the trial court a proposed statement on appeal. If in such proposed statement appellant gives notice that the reporter’s transcript is to be filed and made a part thereof, appellant may file within 15 days after the filing of the proposed statement a transcript of the evidence or other proceedings, and shall within five (5) days after such filing notify the respondent. An appellant’s failure to comply with these time deadlines results in a default and dismissal of the appeal.
Under rule 185 respondent may within 15 days after such statement is filed, or notice is given of the filing of a reporter’s transcript, serve on *Supp. 10 appellant and file proposed amendments to the statement or transcript, or both.
The trial judge under rule 187 shall “forthwith” fix a time for a hearing settling the statement or transcript, or both, “which time shall be as early as the business of the court will permit . . the trial judge shall “at the time fixed . . . settle the statement or transcript, or both, and the amendments proposed thereto, if any . . . .”
Although, unfortunately, the Rules of Court are silent on this point, we suggest that upon receipt of the proposed statement on appeal, the trial judge immediately set a hearing to settle the record on appeal and that the settlement hearing occur within 10 days of the filing of respondent’s amendments to the proposed statement or transcript.
Moreover, the municipal court has the obligation to ensure that the record on appeal, once settled, is transmitted forthwith to the clerk of this court (rule 183(b)). In view of the delays in expeditiously processing appellate matters at the municipal court level, as exemplified by this case, we urge the municipal courts to undertake efforts at once to ensure adherence to the Rules of Court in preparing and transmitting the record on appeal. (See Christian, Delay in Criminal Appeals: A Functional Analysis of One Court’s Work (1971) 23 Stan.L.Rev. 676, 678-686.)
The municipal court’s observance of these time guidelines is indispensable to protecting the right of the parties to a speedy and effective appeal and to the efficient administration of the court’s business.
We hasten to add that the responsibility of the municipal court is a shared one: we have previously held the prosecution to the duty of monitoring cases in which a notice of appeal has been filed, and to petition the municipal court, if necessary, to obtain expeditious settlement of the record on appeal. (People v. Jenkins, supra, 55 Cal.App.3d Supp. 55, 67-68; see, also, People v. Ruhl, supra, 63 Cal.App.3d Supp. 6, 8.) We again emphasize the duty of the prosecution “to insist upon an early hearing for the settlement of statements on appeal to avoid the dismissal of an otherwise flawless prosecution because of unnecessary procedural delays” (People v. Ruhl, supra), and, following settlement of the statement on appeal, actively to insist that the municipal court “forthwith transmit the record on appeal . . . to the clerk of [this] court.” (Cal. Rules of Court, rule 183(b).) Our emphasis upon the prosecution’s responsibility in this regard does not derogate from the corresponding responsibility of defense counsel on criminal appeals to insist upon timely preparation and transmission of the record on appeal. (See Christian, supra, at pp. 685-686.)
*Supp. 11 2. The Trial Court Erroneously Entered Into a Plea Bargain With Respondent.
The People contend on appeal that the trial court erred by engineering a plea bargain on its own motion and over the prosecution’s objection. We agree. The same issue was before the Court of Appeal in People v. Woodard (1982) 131 Cal.App.3d 107 [182 Cal.Rptr. 254]. In that case, the defendant was allowed to plead guilty to a burglary charge and a charge of child molestation was dismissed. The People had at first approved the arrangement but later, before the bargain was consummated, voiced their opposition. The Court of Appeal reversed, holding as follows: “It is well settled that a plea bargain is a tripartite agreement which requires the consent of the defendant, the People, and the court. (Pen. Code, § 1192.5; People v. Orin (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193].) The court has no authority to impose a bargain over the People’s objection nor to substitute itself as the representative of the People in the bargaining process. (People v. Anderson (1982) 129 Cal.App.3d 491 [181 Cal.Rptr. 68]; People v. Barnett (1980) 113 Cal.App.3d 563 [170 Cal.Rptr. 255].)” (Id., at p. 110.)
On the basis of the foregoing authority we hold that the trial court lacked authority, over the People’s objection, to add the count of violating Vehicle Code section 23103 and to permit the respondent to plead no contest thereto in lieu of the oifense which the prosecution had charged.
The order adding the charge of violating Vehicle Code section 23103 is reversed and the judgment based thereon is vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion.
Reese, P. J., and Bernstein, J., concurred.

Page one of the docket sheet erroneously shows that the motion to amend the complaint was made by the People. The trial court later corrected this clerical error as reflected in the reporter’s transcript.

The fault for the inordinate delay apparently lay with the municipal court for failing to settle the record on appeal and then in not properly transmitting it to our court.

Courts have held that the prosecution’s seeking of interlocutory review of an adverse order generally constitutes a valid reason justifying appropriate delay of trial. (See, e.g., Marcotte v. Municipal Court (1976) 64 Cal.App.3d 235, 240-243 [134 Cal.Rptr. 314]; People v. Superior Court (Mahle) (1970) 3 Cal.App.3d 476, 487-488 [83 Cal.Rptr. 771]; United States v. Herman (5th Cir. 1978) 576 F.2d 1139, 1146; United States v. Jackson (7th Cir. 1975) 508 F.2d 1001, 1005; cf. Day v. United States (D.C. App. 1978) 390 A.2d 957, 967-969; United States v. Bishton (D.C.Cir. 1972) 463 F.2d 887, 890.) Indeed, the American Bar Association Standards for Criminal Justice (2d ed. 1980), Volume II, Chapter 12, Speedy Trial, std. 2.3 recommends in computing the time for trial “that (a) [t]he period of delay resulting from . . . interlocutory appeals . . .’’be excluded.

Respondent has conceded the People’s compliance with the California Rules of Court in securing preparation of the record on appeal.