[No. B070395. Second Dist., Div. Seven. June 15, 1993.]

ACE BEVERAGE COMPANY et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Tom Stanley and Darold Shirwo for Petitioners.

No appearance for Respondent.

James K. Hahn, City Attorney, Debbie Lew and Candice I. Ochi, Deputy City Attorneys, for Real Party in Interest.

## OPINION

**WOODS (Fred), J.**—Petitioners contend that after trials on parking infractions, the court erred because it refused to settle statements on appeal with relevant pleadings and factual evidence. As we conclude that the court should have included the issue of the right to a speedy trial, the petition for a writ of mandate is granted.

### FACTUAL AND PROCEDURAL SYNOPSIS

Petitioners are defendants in two parking infraction actions in municipal court. The matters were originally set for trial on January 13, 1992. At that time, defendants made written motions to dismiss on the grounds that the matters had not been brought to trial within 45 days as required by Penal Code section 1382. The court denied the motions.

On February 6, four petitioners filed a petition for a writ of prohibition/mandate in the superior court, challenging the validity of nine parking tickets, including the two parking tickets upon which the instant petition is premised. The petition alleged that the trial court abused its discretion by denying the motions to dismiss on speedy trial grounds. The writ was summarily denied.

On March 13, defendants filed a petition for writ of prohibition/mandate in the Court of Appeal, raising the same issues as raised in the superior court. The Court of Appeal denied the petition.

On March 16, the cases were continued to April 30, and on April 30, the cases were set for trial on May 12. On May 12, defendants' motions to dismiss were denied, and the cases were set for trial on May 18.

On May 18, defendants' pretrial motions to dismiss pursuant to Vehicle Code section 40215, subdivision (a)(2) and further motions to dismiss after the People presented their cases-in-chief were denied and guilty verdicts in both matters were rendered by the trial court.

Defendants filed notices of appeal on June 16. Their proposed settled statements were due on July 1. (Cal. Rules of Court, rule[1] 184(d).) Prior to requesting relief from default, defendants filed their proposed settled statements on July 6.

On July 14, the cases were set for hearing to settle the statements on August 5.

On July 15, defendants' motions for relief from default and permission to file proposed settled statements were granted.

On July 29, the People filed amendments to defendants' proposed settled statements.

According to defendants, the matters were heard in chambers without a court reporter present. The court did not settle the statements.

On September 1, in Los Angeles Superior Court, defendants filed a petition similar to the petition before this court. The petition was denied on September 23.

On October 5, the instant petition was filed and summarily denied on October 8.

On October 19, defendants filed a petition for review in the Supreme Court. The Supreme Court granted the petition and transferred the matter to this court with directions to vacate its order denying mandate and to issue an alterative writ. The alternative writ was issued.

### DISCUSSION

Defendants contend that the issues are whether: (1) a trial court can refuse to engross[2] a settled statement on appeal unless the parties excise relevant appealable issues, (2) a trial court can refuse to settle a statement on appeal unless the appellant purchases a reporter's transcript, and (3) the underlying verdicts should be reversed and the citations dismissed due to unreasonable delay in settling the statement. Only the first contention has any merit.

---

[1]All rule references are to the California Rules of Court.

[2]Throughout their petition, petitioners refer to the court's refusal to engross the settled statement. The court settles the statement, and the appellant engrosses it, i.e., puts it in its final written form. (See *People* v. *Jenkins* (1976) 55 Cal.App.3d Supp. 55, 64 [127 Cal.Rptr. 870]; rule 187.)

## I. *Settled Statement*

Rule 187, in part, provides that: "The trial judge shall at the time fixed . . . settle the statement or transcript, or both, and the amendments proposed, if any, correcting, altering, or rewriting the statement or transcript, or both, as may be necessary to make it set forth fairly and truly the evidence and proceedings relating to the specified grounds of appeal or the matters set forth by the appellant in support of it."

### A. *Speedy Trial Issue*

■ As a judgment or order[3] of the lower court is presumed correct, a writ of mandate will not issue unless it is demonstrated that the trial court abused its discretion. (*Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 203 [151 Cal.Rptr. 721].) ■ " '[A] petitioner for an extraordinary writ to the trial court must furnish a record sufficient to enable the reviewing court to evaluate the lower court's exercise of discretion.' " (*Ibid.*)

■ As noted by the People, defendants have not provided us with such a record in that there is no evidence of what happened at the hearing on the settled statements.[4] Petitioners claim that there was no reporter present at the hearing to settle the statements. Accordingly, in order to present an adequate record to review, it was incumbent upon defendants to present an affidavit stating what took place at that hearing. (Cf. *Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148, 156-157 [143 Cal.Rptr. 450].)

Defendants' petition, including their version of what took place at the hearing, is verified by Attorney Darold Shirwo. Although under penalty of perjury, the requisite statement of personal knowledge is peculiarly worded. The verification, which follows the preliminary statement, states: "The same is true of my own knowledge, except as to those matters, I believe them to be true." We have no idea what the excepted matters are. Furthermore, it is apparent from the record provided by the People that Shirwo was not the attorney at the hearing and therefore cannot verify what took place there. (See *Star Motor Imports, Inc.* v. *Superior Court, supra,* 88 Cal.App.3d 201, 204-205.)

However, the People included a copy of the similar petition filed by defendants in the superior court, and that petition included a declaration

---

[3] It appears that this writ petition is not based on an order of the court, but the court's action in refusing to settle the statement as desired by petitioners. Such an implied order or action is entitled to the same presumption of correctness as a judgment or order.

[4] Furthermore, defendants did not index-tab or consecutively paginate the exhibits and list the exhibits in the table of contents as required by rule 56(d). Defense counsel is admonished to follow the rules in the future or face dismissal on technical grounds.

from Maureen McGoldrick, the attorney who represented defendants at the hearing. According to her declaration:

"During the course of discussion on the testimony and evidence to be contained within the final engrossed settled statement the Honorable Keith Groneman told counsel that he would not engross the settled statement with the attached Exhibits [the motions to dismiss]. The reason given was that it was his understanding that the writ of prohibition/mandate referred to herein and applied for by appellant pre-trial was denied and as such that matter was settled. . . ."

In the order remanding this petition to this court, the Supreme Court cited *Kowis* v. *Howard* (1992) 3 Cal.4th 888, 891 [12 Cal.Rptr.2d 728, 838 P.2d 250], a case holding that the summary denial of a writ was not the law of the case unless that denial was accompanied by a written opinion and that the same issue could be reconsidered on appeal. Defendants' writ on the issue of speedy trial was summarily denied. Accordingly, defendants were entitled to raise the issue of the right to speedy trial on appeal.

As observed by the People: "Although Ms. McGoldrick may have intended to state that the trial court attempted to eliminate petitioners' specifications of grounds of appeal from the settled statement, she did not clearly make this claim. . . . However, to the extent Ms. McGoldrick's statement can be fairly interpreted to mean that the trial court eliminated petitioners' specifications of grounds of appeal from the settled statement, real party agrees that the trial court should have settled the statement in compliance with Rule 187."

Faced with this apparent concession that the court should have included defendants' speedy trial issue as well as the provision of an adequate record by the People, in the interests of justice, we will issue a writ of mandate directing the trial court to settle the statements to include the pleading and evidence relevant to the speedy trial issue.[5]

### B. *Reporter's Transcript*

█ Defendants contend that the trial court should be directed to have the court reporter read back certain testimony as the court did not have independent recollection of the foundation elicited for that testimony.

█ "The duty imposed on the trial judge to settle a truthful statement of the evidence is not satisfied by merely taking the appellant's proposed

---

[5]We must, however, observe that defendants' proposed settled statements did not raise the right to a speedy trial as an issue; rather, the proposed statements merely included some of the procedural history of what happened and attached the motions to dismiss.

statement and the respondent's proposed amendments and certifying both to the appellate court. . . . Where there are conflicts as to what transpired at the trial the court must resolve the dispute as to the facts and see to it that a single unified statement is prepared which sets forth the evidence and testimony received at the trial.[6] To assist him in carrying out his responsibility to prepare an accurate statement of the evidence the trial court may rely on the appellant's proposed statement, the respondent's proposed amendments, and his own notes or memory of the evidence. If a reporter was present the trial judge *may order* the testimony read to him to refresh his memory. . . . As a last resort the trial judge may recall witnesses to give testimony anew." (*People* v. *Jenkins, supra,* 55 Cal.App.3d Supp. 55, 64-65, citations omitted and italics added.)

Even considering the attorney declaration filed in the superior court, there is no indication that the court did not recall the testimony. The declaration merely states: "The court also indicated that it intended to adopt the amendments by the people unless the appellant wished to buy a reporter's transcript. I objected to the suggestion as not be[ing] a fair and true representation of the trial. [¶] The court stated that it was our appeal and it was not his responsibility to prepare a combined statement and that our proposed settled statement was not acceptable to him and that I should think about getting the transcript to settle the statement." A reasonable interpretation of those comments is that the court thought that the People's representation as to the evidence was accurate.

Under *Jenkins,* the court is not obligated to order the reporter to read back testimony. Moreover, if the trial court is of the opinion that it cannot fairly or properly pass upon the sufficiency or accuracy of the proposed statement or any proposed amendment thereto, it may require appellant to furnish a transcript of the trial proceedings to assist in the settlement. (*Averill* v. *Lincoln* (1944) 24 Cal.2d 761, 765 [151 P.2d 119].) In our opinion, the burden of providing and paying for such a transcript is properly borne by the appellant.

Accordingly, no writ will be issued directing the court to have the reporter read back the trial testimony.

II. *Dismissal*

Citing *People* v. *Ruhl* (1976) 63 Cal.App.3d Supp. 6, 9 [134 Cal.Rptr. 62], defendants suggest that the trial court's action justifies dismissal of their tickets. Such a suggestion is without merit. In *Ruhl,* the

---

[6]Thus, defendants' request that the municipal court be directed "to fully engross the appellant's [*sic*] and respondent's proposed settled statements on appeal with all relevant pleadings and factual evidence" is an improper request.

respondent filed amendments to the proposed statement on June 26 and July 19, 1974, and then nothing happened until January 17, 1975 (seven months later) when a hearing was set for January 28, 1975. After the hearing, the papers were not transmitted to the appellate court until November 5, 1975 (10 months later).

No such court-caused delay occurred in the instant case. The People filed their proposed amendments on July 29, 1992. Previously, defendants had filed untimely proposed statements and had to seek relief from default and permission to file the proposed statements. On July 14, the cases had been set for hearing to settle the statements on August 5, a week after the People filed their proposed amendments. Any other delays were caused by defendants' filing petitions in superior court, the Court of Appeal and the Supreme Court. Delays from those actions are part of the normal appellate process and do not justify dismissal. (See *People* v. *Hernandez* (1985) 166 Cal.App.3d Supp. 1, 9-10 [212 Cal.Rptr. 563].) We will not condone defendants' attempt to evade paying parking tickets by the use of the appellate process.

### DISPOSITION

The alternative writ is discharged. The petition for a writ of mandate is granted, but only insofar as directing the trial court to settle the statements to include the pleadings and evidence relevant to the speedy trial issue.

Lillie, P. J., and Johnson, J., concurred.