Filed 8/13/19

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| HEDY WOLF, | |
| Petitioner, | E071318 |
| v. | (Super.Ct.Nos. CIVDS1823575 & ACRAS1800106 & MSB1401789) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS; petition for extraordinary writ. Carlos M. Cabrera, Judge. Writ granted.

G. Christopher Gardner, Public Defender, Stephan J. Willms, Deputy Public Defender for Petitioner.

Jason Anderson and Michael A. Ramos, District Attorneys, Brent J. Schultze, Deputy District Attorney for Real Party in Interest.

Petitioner, Hedy Wolf, pled guilty to the misdemeanor offense of making harassing telephone calls. (Pen. Code, § 653m, subd. (a).)[1] The trial court (1) granted Petitioner one year of summary probation with the condition she serve one day in jail in lieu of paying fines; and (2) imposed a criminal protective order. Petitioner moved to withdraw her plea. The trial court denied Petitioner's motion. Petitioner appealed the denial of her motion to the superior court's appellate division and requested the appointment of appellate counsel. The appellate division denied Petitioner's request for appointment of appellate counsel.

Petitioner petitions this court for a writ of mandate directing the superior court's appellate division to (1) vacate its order denying Petitioner's request for appointment of appellate counsel, and (2) enter an order granting Petitioner's request for appointment of appellate counsel. We grant the writ petition.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was charged with the misdemeanor offense of making harassing telephone calls. (§ 653m, subd. (a).) On May 14, 2018, Petitioner pled guilty to the charge. The trial court (1) granted Petitioner one year of summary probation with the condition she serve one day in jail; and (2) imposed a three-year criminal protective order. Petitioner was not represented by counsel at the May 14 hearing.

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

On May 29, 2018, Petitioner moved to withdraw her plea. Petitioner asserted she had not been represented by counsel and did not understand that the plea would result in a three-year protective order and probation. Petitioner requested that she be able to proceed to trial on the charge. On June 29, the trial court appointed the public defender's office to represent Petitioner. On July 2, the public defender's office accepted the appointment. On August 2, the trial court held a hearing on Petitioner's motion to withdraw her plea. Petitioner was represented by the public defender's office. The trial court denied the motion but modified the protective order to expire one year from May 14, 2018.

Petitioner appealed the denial of her motion to withdraw her plea. Petitioner's notice of appeal was filed in the appellate division on August 6, 2018. (Judicial Council Form CR-132.) In the notice of appeal, in section 2 of the form, Petitioner wrote, "A court appoint appeal atty is requested [*sic*]." In section 4 of the notice of appeal, Petitioner marked the boxes to indicate (a) she was represented by the public defender in the trial court, and (b) she was "asking the court to appoint a lawyer to represent [her] in this appeal."

On August 17, Petitioner filed a request for a court-appointed attorney. (Judicial Council Form CR-133.) On that form, petitioner again marked the box indicating she was represented by a court-appointed attorney in the trial court. Petitioner also marked a box indicating she had been granted probation.

3

On August 17, the appellate division denied Petitioner's request for appointment of counsel. The appellate division explained that counsel did not need to be appointed because "[t]he denial of a motion to withdraw a plea is not a significant adverse collateral consequence of the conviction." Petitioner's writ petition concerns the appellate division's order dated August 17, 2018.

## DISCUSSION

Petitioner contends the superior court's appellate division erred by denying her request for appointment of appellate counsel.

The facts are undisputed, therefore we apply the de novo standard of review. (*People v. Hernandez* (2009) 177 Cal.App.4th 1182, 1187.) California Rules of Court, rule 8.851(a)(1)[2] provides: "On application, the appellate division must appoint appellate counsel for a defendant convicted of a misdemeanor who: [¶] (A) Is subject to incarceration or a fine of more than $500 (including penalty and other assessments), or who is likely to suffer significant adverse collateral consequences as a result of the conviction; and [¶] (B) Was represented by appointed counsel in the trial court or establishes indigency." "A defendant is subject to incarceration or a fine if the incarceration or fine is in a sentence, is a condition of probation, or may be ordered if the defendant violates probation." (Rule 8.851(a)(3).)

A condition of Petitioner's probation was that she serve one day in jail. Therefore, Petitioner was subject to incarceration. (Rule 8.851(a)(1)&(3).)

---

[2] For ease of reference, we will refer to Cal. Rules of Court, rule 8.851 as Rule 8.851.

At the hearing on the motion to withdraw her plea, Petitioner was represented by appointed counsel. In the superior court's appellate division, Petitioner is appealing the trial court's denial of her motion to withdraw her plea. Thus, Petitioner was represented by appointed counsel at the hearing on the motion that is the subject of her appeal in the appellate division. Therefore, Petitioner was "represented by appointed counsel in the trial court." (Rule 8.851(a)(2).)

In sum, Petitioner was (1) subject to incarceration, and (2) represented by appointed counsel in the trial court. Rule 8.851(a)(1) mandates that appellate counsel be appointed when the foregoing two criteria are met. Therefore, the appellate division was required to appoint appellate counsel for Petitioner. We conclude the appellate division erred.

Real Party in Interest contends (1) Petitioner was not represented by appointed counsel at the time of judgment, therefore Petitioner was not represented by counsel in the trial court; (2) Petitioner made procedural errors in her request for appointment of counsel; and (3) Petitioner's appeal is from the judgment and is untimely, therefore the issue of appointment of counsel is moot.

We address the assertion that Petitioner was not represented by counsel in the trial court because she was unrepresented at the time of judgment. We apply the de novo standard of review when interpreting a rule of court. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.)

If a defendant "desires and is unable to employ counsel the court shall assign counsel to defend him or her." (§ 987, subd. (a).) "In order to assist the court in

5

determining whether a defendant is able to employ counsel in any case, the court may require a defendant to file a financial statement or other financial information under penalty of perjury with the court or, in its discretion, order a defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to employ his or her own counsel. If a county officer is designated, the county officer shall provide to the court a written recommendation and the reason or reasons in support of the recommendation. The determination by the court shall be made on the record." (§ 987, subd. (c).)

Rule 8.851(a)(1)(B) reads: "[T]he appellate division must appoint appellate counsel for a defendant convicted of a misdemeanor who . . . [¶] . . . [¶] . . . Was represented by appointed counsel in the trial court or establishes indigency." One can reasonably infer that proof of the defendant having appointed counsel in the trial court is an option so that the defendant is not required to again go through the process of establishing indigency upon filing an appeal in the appellate division. Using proof of a prior appointment of counsel, rather than establishing indigency a second time in the same case, helps "to provide means for relatively speedy and inexpensive appeals from judgments and appealable orders in criminal cases." (*People v. Jenkins* (1976) 55 Cal.App.3d Supp. 55, 60.)

With the foregoing understanding of rule 8.851(a)(1)(B), it is of little consequence whether a defendant had appointed counsel prior to a judgment or after a judgment. The point of a defendant having appointed counsel in the trial court is that the defendant established indigency and is not required to establish it a second time in

6

the appellate division. Not having to go through a second process of establishing indigency permits appeals to proceed in an efficient manner. Therefore, we are not persuaded by Real Party in Interest's assertion that Petitioner is not entitled to appointed counsel on appeal because her appointed counsel was appointed postjudgment. Petitioner established her indigency in the trial court and was appointed counsel, and therefore was entitled to the appointment of counsel in the appellate division.

Next, we address the assertion that Petitioner made procedural errors in her request for appointment of appellate counsel. Real Party in Interest asserts that Petitioner did not submit information regarding indigency. Rule 8.851(a)(1)(B) requires the defendant (i) have been represented by appointed counsel in the trial court, or (ii) establish indigency. As set forth *ante*, Petitioner was represented by appointed counsel in the trial court, therefore, Petitioner was not required to again establish indigency in the appellate division.

Real Party in Interest contends Petitioner failed to use the proper forms to request appointment of appellate counsel. Real Party in Interest contends Petitioner's failure to use the proper forms meant the appellate division was required to search the record to determine if Petitioner was entitled to appointment of counsel, and the appellate division was not required to conduct that search so it could properly deny Petitioner's request for appointment of counsel.

The determination of whether Petitioner is entitled to the appointment of appellate counsel required looking at two minute orders: (1) the minute order granting Petitioner probation with the condition she serve one day in jail; and (2) the minute

7

order reflecting Petitioner was represented by appointed counsel at the hearing on her motion to withdraw her guilty plea. We are not persuaded that Petitioner's alleged failure to use the correct form(s) created a burden so great that the appellate division needed to deny Petitioner's request with prejudice. In sum, we find Real Party in Interest's assertion to be unpersuasive.

We turn to the issue of the appointment of counsel being moot because Petitioner's appeal is allegedly untimely. It is not for this court to decide if Petitioner's appeal in the superior court's appellate division is untimely. If Real Party in Interest believes Petitioner's appeal is untimely, then Real Party in Interest should direct a motion to dismiss to the appellate division of the superior court. If Real Party in Interest moves to dismiss Petitioner's appeal due to it being untimely, then Petitioner should be represented by counsel for purposes of responding to that motion. In other words, the possibility that Real Party in Interest could prevail on a motion to dismiss Petitioner's appeal in the appellate division does not mean Petitioner should be denied counsel.

## DISPOSITION

Let a writ of mandate issue directing the Appellate Division of the Superior Court of San Bernardino County to vacate its order denying Petitioner's request for a court-appointed lawyer in her misdemeanor appeal and to enter an order granting Petitioner's request for a court-appointed lawyer in her misdemeanor appeal. The previously ordered stay is lifted.

8

Petitioner is DIRECTED to prepare and have the writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

CERTIFIED FOR PUBLICATION

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

9