Filed 6/30/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| JACQUELYN WEBSTER, | |
| Petitioner, | E074397 |
| v. | (Super.Ct.Nos. ACRAS1900124 & MSB17012610) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS: Petition for writ of mandate. Lynne M. Poncin, Judge. Petition granted.

G. Christopher Gardner, Public Defender, and Stephan J. Willms, Deputy Public Defender for Petitioner.

Robert L. Driessen for Respondent.

No appearance for Real Party in Interest.

# I. INTRODUCTION

Petitioner, Jacquelyn Webster, was convicted by a jury of two misdemeanor offenses. She was placed on summary probation for two years and ordered not to violate any laws, complete 200 hours of community service, and pay a $235 fine. Petitioner timely filed a notice of appeal and requested court-appointed counsel to represent her on appeal. The respondent, San Bernardino Superior Court's Appellate Division, denied her request for appointed counsel on appeal. Petitioner now seeks a writ of mandate directing the superior court's appellate division to (1) vacate its order denying her request for appointment of appellate counsel and (2) enter a new order granting her request. We grant the writ petition.

# II. FACTS & PROCEDURAL HISTORY

On November 6, 2019, petitioner was convicted by a jury of one count of battery against a peace officer (Penal Code,[1] § 243, subd. (b)) and one count of resisting, obstructing, or delaying a public officer (§148, subd. (a)(1)). Petitioner was placed on summary probation for two years and ordered to not violate any laws, complete 200 hours of community service, and pay a $235 fine. Petitioner was represented by appointed counsel during these trial court proceedings.

Following sentencing, petitioner filed a notice of appeal and requested court-appointed counsel to represent her on appeal. On December 9, 2019, respondent summarily denied the request for court-appointed counsel. However, on December 16,

---

[1] Undesignated statutory references are to the Penal Code.

2019, respondent invited petitioner to file a detailed justification explaining how she might suffer significant adverse collateral consequences which would justify appointment of counsel. Petitioner responded by stating she was entitled to appointment of counsel pursuant to California Rules of Court, rule 8.851(a)(1)(A) and (a)(3) regardless of whether she would suffer significant adverse collateral consequences. On December 24, 2019, respondent again denied petitioner's request for counsel.

## III. DISCUSSION

"Article I, section 15 of the California Constitution . . . guarantees a right to 'the assistance of counsel for the defendant's defense' in a 'criminal cause.' [Citation.] Much like its federal counterpart, article I, section 15 has been understood to confer a right to state-appointed counsel for indigent defendants. [Citations.]" (*Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1003-1004.) "Rule 8.851 [of the California Rules of Court[2]] sets forth the standards for appointment of counsel in misdemeanor appeals." (*Harris v. Appellate Division of Superior Court* (2017) 14 Cal.App.5th 142, 148 (*Harris*).) Specifically, Rule 8.851(a)(1) provides the appellate division of the superior court must appoint appellate counsel for a defendant who has been convicted of a misdemeanor if that defendant (1) is subject to incarceration or a fine of more than $500 and (2) was represented by appointed counsel in the trial court or

---

[2] For ease of reference, we will refer to California Rules of Court, rule 8.851 as Rule 8.851.

establishes indigency.**3** (Rule 8.851(a)(1); *Wolf v. Appellate Division of Superior Court* (2019) 38 Cal.App.5th 699, 702 (*Wolf*).)

Here, the parties do not dispute the underlying procedural history and do not dispute that Rule 8.851 governs the appointment of counsel in petitioner's case. Instead, they dispute the interpretation of Rule 8.851. Specifically, petitioner argues she is entitled to counsel despite being sentenced only to probation because she is threatened with the prospect of incarceration if she violates probation.**4** In contrast, respondent contends that "being subject to probation alone does not satisfy the incarceration requirement" for appointment of counsel and such an interpretation "goes against the plain reading of the statute."

Where the facts are undisputed and the sole question before us is one of statutory interpretation, we apply a de novo standard of review. (*Wolf*, *supra*, 38 Cal.App.5th at p. 702; *People v. Guerra* (2016) 5 Cal.App.5th 961, 966.) "In interpreting the language of the [Rules of Court], we apply traditional rules of statutory interpretation. [Citations.] . . . [T]he primary goal when interpreting a statute or rule is to determine the drafters' intent in order to give effect to the rule's purpose. [Citation.]" (*Harris*, *supra*, 14 Cal.App.5th at p. 148.) "In the first step of the interpretive process we look to the

---

**3** Rule 8.851 also provides for appointment of counsel where the defendant is likely to suffer significant adverse collateral consequences as a result of the conviction. (Rule 8.851(a)(1).) However, petitioner does not contend that this provision applies in this case.

**4** Petitioner initially represented that she had been incarcerated for two days, with credit for time served, but later conceded that was inaccurate.

4

words of the statute themselves. . . . If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction." (*MacIsaac v. Waste Management Collection & Recycling*, *Inc.* (2005) 134 Cal.App.4th 1076, 1082-1083.)

As applied here, respondent's interpretation of Rule 8.851 to exclude all cases in which a defendant is sentenced only to probation does not withstand scrutiny. Rule 8.851 on its face provides "[a] defendant is subject to incarceration or a fine if the incarceration or fine is in a sentence, is a condition of probation, *or may be ordered if the defendant violates probation*." (Rule 8.851(a)(3), italics added.) Thus, contrary to respondent's interpretation of the rule, the fact that a defendant is sentenced only to probation is not controlling. The plain language of the rule states that if incarceration may be ordered upon a violation of probation, then a defendant is considered "subject to incarceration" within the meaning of the rule.

As petitioner correctly notes, her convictions for violation of section 243, subdivision (b), and section 148, subdivision (a)(1), subject her to potential imprisonment if she is found to later violate the terms of her probation. (§§ 1203.1, subd. (j), 1203.2, subd. (c).)[5] Accordingly, because incarceration may be ordered if petitioner violates probation, petitioner falls within the definition of "subject to incarceration" under the

---

[5] Respondent does not contest the fact that petitioner may be subject to incarceration if found in violation of the terms of her probation. In fact, respondent's brief completely ignores this fact, despite petitioner raising this point as a central argument in her amended petition. Sections 243, subdivision (b), and 148 each carry up to one year in the County Jail as set forth within their respective provisions.

clear language of Rule 8.851. Petitioner was therefore entitled to appointment of appellate counsel under Rule 8.851.

## IV. DISPOSITION

Let a writ of mandate issue directing the Appellate Division of the Superior Court of San Bernardino County to vacate its order denying petitioner's request for a court-appointed lawyer in her misdemeanor appeal and to enter an order granting petitioner's request for a court-appointed lawyer in her misdemeanor appeal.

Petitioner is directed to prepare and have the writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

The stay issued on January 24, 2020, is hereby dissolved.

**CERTIFIED FOR PUBLICATION**

FIELDS
Acting P. J.

We concur:


SLOUGH
J.


MENETREZ
J.

6